BROWN & DIMMOCK, ET AL. v. BATES.

1. The act of 1844, extends the remedy in favor of judgment creditors, and it is permissible to alledge in the bill, the supposed interests of the de-

fendant in property, &c., in the general terms of the statute, either positively or in the alternative.

2. A creditor's bill need not alledge a fraud on the part of the defendant, or the concealment by him of property or effects, with the intention to delay or hinder the complainant, or other creditors, in the collection of their debts.

3. In a creditor's bill, it need not be specifically alledged that the *fieri facias* which issued on the judgment at law, directed the amount to be made of the "lands and tenements" of the defendant—the form of such writ as prescribed by the statute authorizing the levy on and sale of the lands, &c., it will, in the absence of proof, be presumed to be regular.

4. Several plaintiffs having distinct judgments may join in filing a creditor's bill, or one creditor may file a bill in behalf of himself and all other judgment creditors (whose executions have been returned unsatisfied,) who may choose to come in and contribute to the expense of the suit. So one creditor by judgment, and another by decree, who may have acquired liens upon their debtor's property, may join in such a bill.

5. It is no objection to a bill filed in a chancery court of the State, that the judgments the complainants are seeking to enforce, were rendered in the district or other court of the United States.

6. *Semble*, where the judgment debtor has a known and fixed place of residence within the State, and sufficiency of visible property in the county in which he lives to satisfy the execution which issued on the judgment, subject to its satisfaction, the execution, (if the law authorizes,) must be issued to the county in which the defendant resides at the time of its issuing. But it is not necessary in a *creditor's bill*, to make a specific allegation upon the subject; for if the execution has issued to an improper county, it devolves upon the defendant, in such case, to show it in his defence.

Writ of Error to the Court of Chancery sitting at Mobile.

The plaintiffs in error alledge in their bill, that some of them are citizens of New York, and others of Pennsylvania, and that they recovered sundry judgments against the defendant in the circuit court of the United States for the fifth judicial district and the southern district of Alabama—the time when and the amounts for which these judgments were rendered is specially stated. It is also stated that writs of *fieri facias* were regularly issued upon each of the judgments, and returned "no property found," and that they are all in full force, and wholly unsatisfied.

Complainants then alledge, that they have reason to believe and do believe, that the defendant, at the time their judgments were rendered had, and still has equitable interests in things in action, or other property, which they have been unable to discover and reach by executions upon their judgments. Further, that they do not exhibit their bill by collusion with the defendant, nor for the purpose of protecting his property and effects from the claims of other creditors; but for the sole purpose of compelling satisfaction of their judgments.

It is further stated, that the complainants have reason to believe, and therefore charge, that the defendant, at the time of the rendition of the judgments, owned, or had, and now possesses, owns, or has, some interest in some real estate, or chattels real, or in some personal property, in possession, reverson, or remainder, of some name or kind, or that he has some interest in some lease or leases, mortgage or mortgages, lien or liens on land sr leasehold estate, of some name or kind, or that the defendant has been, or is possessed of, or is entitled to, stock, public or private, in some bank or government fund, insurance company, or some other company or companies, chartered or unchartered, or that he is a partner or otherwise interested, with some other person or persons, in business or adventure, or interested in some business or partnership, or in the profits thereof, or that he is interested in some property or thing, or things, in possession or action, of some name or kind, in the stock of some bank or company, in the city of Mobile, or some other place, but of what place in particular they know not.

The bill contains several other allegations, equally general as to the complainants' belief of the defendant's interest in other property or subjects of value—embraces an allegation of combination with persons unknown, avers that the complainants are remediless at law ; prays that the defendant may answer, and particularly discover in respect to the several matters alledged, and the appropriate relief be granted, &c.

The defendant demurred to the bill, and assigned for cause, that it does not make such a case as entitles the complainants to the discovery. and relief they seek ; that it contains no specific charge against the defendant of fraud, or concealment of property or effects, with the intention to hinder and

delay the collection of the debts in question. *Further*, the bill is vague and indefinite, does not alledge a reasonable belief that the defendant possesses or controls property, &c., which should be subjected to the payment of his debts, nor does it describe any property, or right of property, real, personal, &c. in which the defendant has an equitable, or other interest.

Under the impression that the act of the legislature on which the bill was framed, did not enlarge the jurisdiction of equity, and that it was a *"fishing bill,"* the chancellor sustained the demurrer, and dismissed the same at the complainant's costs.

A. Fox, for the plaintiff in error. It is now the settled doctrine of courts of equity, that equitable interests may be subjected by bill, when an execution at law has failed to make the judgment available. [Hendricks v. Robinson, 2 Johns. Ch. Rep. 283; McDermot v. Strong, 4 Ib. 687; Taylor v. Jones, 2 Atk. 600; Edgill v. Haywood, 3 Ib. 352; Lucas v. Atwood, 2 Stew. 378; Toulmin v. Hamilton, et al. 7 Ala. 362.] The doctrine has been carried to the extent that the court will compel the debtor to discover if he has effects, in order that they may be condemned. [Hadden v. Spaden, 20 Johns. 654.]

Our statute authorizes this discovery in the broadest terms. [Acts, 1843-4, p. 107.] This is a copy of the New York statute. [2 R. S. N. Y. 173-4.] It declares and affirms the doctrine of Hadden v. Spader, and removes all doubt as to the power of the court to compel the discovery. [7 Paige, 121.] The courts of New York, since the passage of the act, in 1824, have uniformly sustained such bills. They are known as judgment creditors bills." [Leroy v. Rogers, 3 Paige, 234; Sizer v. Miller, 9 Ib. 605; Wakeman v. Grover, 4 Ib. 23; Beck v. Burdett, 1 Ib. 305; Edmeson v. Lyde, Ib. 637; Gleason v. Gage, *ut supra.*] The bill is properly framed—it contains all the allegations required by the statute. [See 2 Barbour's Ch. Pr. 163.]

G. N. STEWART, for the defendant. Independent of the statute, a bill lies for discovery of legal assets. But that is

for discovery merely, and no relief is allowed on such a .bill —and it carries no costs. When the answer is filed, the bill is dismissed. If the bill seeks to subject equitable assetts, then relief is prayed. But this extends to equitable assetts only. In either case the bill must make the proper allegations, set forth specifically the facts charged, and pray dicovery of them. The complainant cannot file a fishing bill. If he wants a discovery of legal assets, he has his remedy by *ca: sa.* which, by our statute, compels a surrender of all effects and disposal of them.

Has the statute changed the rule of chancery practice, and does it allow a fishing bill? The practice under the New York statute has been very strict. [See 2 Barbour's Prac. *title,* Creditor's Bill.] The proceedings on the execution are not set forth with the particularity required in the New York practice. It does not appear that execution issued against the lands as well as goods—nor to the district where the party resided. Can three parties join in a bill which is not for all creditors who may come in. And will the remedy lie in the State courts, on judgments in the federal courts. In New York, the defendant is subjected to a personal examination, by queries of every description. The statute does not provide this here. Therefore the objection is made that it is a fishing bill. The form of the creditor's bill in New York, is found in the Appendix, 2 Barbour's Practice.

COLLIER, C. J.—It is insisted that the bill in this case conforms to the act of January, 1844, which enacts, "that whenever an execution against the property of a defendant shall have been issued on a judgment at law, and shall have been returned unsatisfied, *and there shall remain due on said judgment,* the party suing out such execution may file a bill in chancery against such defendant, and any other person or persons, to compel the discovery of any property, money, or thing in action, belonging to the defendant, *and if any property, money, or thing in action, due to him, or held in trust for him,* and to prevent the transfer of any such property, money or thing in action, or the payment or delivery thereof to the defendant, except when such trust has been

created by, or the fund so held in trust, has proceeded from some other person than the defendant himself."

*Further,* "that the said court shall have power to compel such discovery, and to prevent such transfer, and to decree satisfaction of the sum remaining due on such judgment, out of any property, money, or thing in action, belonging to the defendant, or held in trust for him, with the exception above stated, which shall be discovered by the proceedings in chancery, whether the same were originally liable on execution at law or not."

*Again:* "That a bill of discovery may be filed, and the defendant shall be compelled to answer such bill, when the defendant is charged with having confessed, or suffered any judgment, purporting to be for a sum or debt due, when in fact nothing, or only a part of the sum stated in said judgment is due, with intent to defraud the just creditors of such defendant, or to place the property of the defendant out of the reach of his creditors, or to hold the same on some secret trust, or confidence, or for the benefit of such defendant."

This enactment is doubtless borrowed from a statute of New-York, upon the same subject ; we have compared the two acts, and find that the one is substantially a transcript of the other : consequently, the decisions of that State, explanatory of the meaning and intention of the statute, in expounding our act may be considered as altogether pertinent.

In LeRoy v. Rogers, 3 Paige's Rep. 234, it was held, that a bill filed under the statute, is a bill for discovery in aid of the execution at law, as well as for relief against property which cannot be sold under execution ; and that the complainant in such case is entitled to a discovery of all the real estate, which the defendant owned within the jurisdiction of the court of law, at the time of docketing the judgment : *Further,* that the complainant might call for a discovery of all the estate or property which the defendant had at the time of filing the bill, or putting in the answer, although it was out of the jurisdiction of the court ; and that the powers of chancery are competent to secure to the creditor such property. It has been said that the intent of the statutory provisions on the subject of creditor's bills, was to establish and declare the great principle decided by the court of errors,

in Hadden v. Spader, 20 Johns. Rep. 554, that the creditor, after the remedy against the tangible property of the debtor had been exhausted by the return of an execution unsatisfied, might come into this court for the purpose of obtaining a discovery and payment out of the debtor's property, which could not be otherwise reached. [Gleason v. Gage, 7 Paige's Rep. 123.] In this latter case, the chancellor was of opinion that the remedy should be extended by a liberal construction of the act ; and that a creditor by decree was entitled to the benefit of its provisions, as well as a creditor by judgment.

It was held in this State, long previous to the act of 1844, that a judgment creditor who had exhausted his legal remedies, might go into equity for the purpose of subjecting the equitable estate of the debtor, or other interests that could not be made available at law. But in such case it was necessary that the allegations should be specific, and the bill should be relieved from the imputation of being speculative and vague. Bills thus restricted as to the scope of their inquiries, often failed to admit complete justice to be administered to the complainant. The complainant was not always sufficiently informed of the rights and interests of the defendant to enable him to state with exactness and precision what property the defendant had, in possession or action; or had parted with, that could be subjected to the judgment. To remedy this defect in the law, and to authorize the administration of justice through the medium of chancery, by a course of procedure more liberal than had been hitherto recognized, the statute in question was enacted.

In respect to the form of the bill, it may be said that the object of the legislature was to afford a most searching and efficacious remedy to the creditor, and it would seem to be quite enough to alledge the supposed interests of the defendant, in property, &c., in the general terms of the act. If greater particularity were required in the frame of the bill, the statute would often fail to afford an adequate remedy ; and if it were not permissible to make general allegations in the alternative, then it would not have introduced or extended the remedy in favor of judgment creditors, as we have already seen.

There is no pretence for requiring the complainant, in such

case, to alledge a fraud on the part of the defendant, or the concealment by him of property or effects, with the intention to delay or hinder the complainant or other creditors in the collection of their debts. This is clearly intimated by the scope and purpose of the bill ; and neither the statute, nor any rule of practice in force here, make such a requisition upon the complainant.

Our statute is certainly quite as liberal and unrestricted in its terms, as that of New-York, yet a bill similar in form to that now before us, is in practice used in that State. [See Barb. Ch. Prac. 163, 587.] So far then as the frame of the bill is drawn in question by the demurrer, we think it unobjectionable.

The defendant's counsel has suggested other objections to the bill, and insists, that although the grounds assigned in the demurrer may not have been well taken, yet the bill is defective, and the decree should not be reversed. To these objections we will now give a brief notice. It was not necessary specifically to alledge that the writ of *fieri facias* directed the amount of the judgment to be made of the lands and tenements of the defendant. The form of such an execution as prescribed by statute authorizes the levy on, and sale of the debtor's lands ; and it must, in the absence of proof to the contrary, be intended that it was regular, and conformed to the law.

It has been repeatedly adjudged that several plaintiffs, whose judgments are distinct, may join in filing a creditor's bill, or one creditor may file a bill in behalf of himself and all other judgment creditors (whose executions have been returned unsatisfied,) who may choose to come in and contribute to the expenses of the suit. So, one creditor by judgment, and another by decree, who have acquired liens upon their debtor's property, may join in such a bill. [1 Paige's Rep. 637 ; 3 Id. 320 ; 4 Id. 23 ; 1 Edw. Rep. 451.]

In Sizer and others v. Miller, 9 Paige's Rep. 605, the complainants who united in a creditor's bill had recovered judgments in three distinct courts, yet it was considered to be no objection to their joining in a suit in equity. So, it has been held that a creditor's bill may be filed in the chancery district in which the judgment was recovered and the record

filed, and in which the execution was issued and returned, and filed ; where it appears that the defendant resided in that district at the time the execution isued. [9 Paige's Rep. 149.] These citations, it is true, do not prove that it is competent for a State court to entertain a creditor's bill where the judgments have been recovered in a Federal court ; but they maintain that such suit need not necessarily be prosecuted in the same court in which the judgment was obtained, although its jurisdiction may be unquestionable. But what objection can there be to the interposition of a State court in such a case, where it has jurisdiction over the defendant and the subject matter ? It cannot possibly lead to a conflict between the tribunals. The proceedings in equity are consequential and auxiliary. They by no means affect the judgment. After the filing of a creditor's bill, the complainant may take out a new execution and levy upon the defendant's property; and if it is insufficient to satisfy the judgment, he will not be compelled to elect either to dismiss his bill, or abandon his execution. But he may proceed in chancery to collect the residue of the debt which cannot be made by a sale of the property on the new execution. [8 Paige's Rep. 130.] So it has been held that after the return of an execution unsatisfied, the plaintiff may file a creditor's bill, although he has subsequently issued another execution to another county, which has not been returned ; unless such execution has been levied upon property sufficient to satisfy the amount due. [6 Paige's Rep. 273.] The bill then, in the present case does not in any manner interfere with the control of the Federal court over its judgments, or the process that may be issued thereon ; but is intended rather to aid in obtaining satisfaction of them. We can discover no want of equity having reference to the tribunal in which the judgments were obtained.

Where the judgment debtor hat a fixed and known residence within the State, and has a sufficiency of visible property in the county in which he lives, to satisfy the execution which issued against him, and which may be reached by *fi. fa.*; the execution, if the law authorizes, must be issued to the county in which the defendant resides when it issued. [4 Paige's Rep. 309 ; 7 Id. 663.] The neglect of the plain-

tiff to cause the execution to issue to that county, would be a good defence to the bill. But to make the defence available, it is said the defendant should show that he not only resided, or had a place of business in some other county than that to which the execution issued, but also that he had visible property there, out of which the execution might have been satisfied, if the complainant had exercised due diligence to ascertain the fact. [3 Paige's Rep. 311; see also 7 Id. 149, 663.] These citations very satisfactorily show, that if the execution has issued to an improper county, it devolves upon the defendant to show it in his defence, and that it is not essential to the equity of the bill to make a specific allegation upon the subject.

The result of these views show that the demurrer should have been disallowed; consequently the decree is reversed, and the cause remanded.