Nix v. Winter.

# NIX *vs.* WINTER.

[CREDITOR'S BILL TO SUBJECT LAND TO SATISFACTION OF JUDGMENT.]

1. *Allegations of creditor's bill as to issue and return of execution.*—It is not necessary that a creditor's bill, in averring the issue and return of the execution on his judgment, should show that the writ was issued to the county of the defendant's residence : if it was not in fact so issued, and the defendant had property in the county of his residence out of which it might have been satisfied, that is a matter of defense.

2. *Sufficiency of allegation on information and belief.*—An averment of a fact, on information and belief, is sufficient ; *secus*, as to an averment of the pleader's information and belief as to the existence of the fact.

3. *Sufficiency of admissions in answer of defendant, as evidence against co-defendant.* Where the nominal plaintiff in a judgment at law is joined with the defendant therein, as a party to a bill in equity by the real owner of the judgment, the admission of the nominal plaintiff, in his answer, is sufficient to establish the ownership of the judgment

4. *Parties to creditor's bill.*—The accommodation acceptor of a bill of exchange, given to secure the purchase-money of a tract of land bought by the drawer, is not a necessary party to a bill filed by a judgment creditor for the purpose of subjecting the land, after the payment of the balance of the purchase-money due, to the satisfaction of his judgment against a sub-purchaser

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. WADE KEYES.

THE bill in this case was filed by John G. Winter, against J. M. N. B. Nix, J. T. Nix, Henry C. Semple, and William M. Boling, for the purpose of subjecting to the satisfaction of a judgment against said J. T. Nix, which the complainant claimed to own, certain city lots in Montgomery, which said J. M. N. B. Nix had purchased from

said William M. Boling, and for which he held said Boling's bond for title, which he had transferred to J. T. Nix. The judgment was rendered in the circuit court of Coosa county, on the 12th March, 1858, in favor of Henry C. Semple; but the bill alleged, that said judgment belonged to the complainant, and was obtained in Semple's name for his use and benefit. The bill further alleged, that two executions were issued on this judgment, one to Coosa, and the other to Dallas county, both of which were duly returned "no property found;" that J. M. N. B. Nix purchased two lots in Montgomery from said Boling, in August, 1853, and drew three bills of exchange for the purchase-money, which were accepted by one B. W. Young, and were payable on the 1st January, 1854, the 12th July, 1854, and the 12th July, 1855, respectively; that Boling executed and delivered to said Nix his bond for title, conditioned to make titles to the lots on the payment of the bills at maturity; that J. M. N. B. Nix afterwards transferred all his interest in this bond, and in the lots therein described, to J. T. Nix; that only a part of the purchase-money had been paid when the bill was filed, and that the lots were of value sufficient to pay the balance of the purchase-money and the complainant's judgment. The prayer of the bill was, that an account might be taken to ascertain the amount due on the judgment and on the purchase of the land; that the land might be sold, and the judgment be satisfied out of the proceeds of sale, after paying the balance of the purchase-money due to Boling; and the general prayer, for other and further relief, was added.

J. T. Nix answered the bill, and admitted all its material allegations; and also demurred to the bill, for want of equity, and because B. W. Young was not made a party. Separate answers were filed by Semple and Boling, admitting all the allegations of the bill as to facts within their knowledge; and a decree *pro confesso* was entered against J. M. N. B. Nix. On final hearing, on pleadings and proof, the chancellor overruled the demurrer of J. T. Nix, and rendered a decree for the complainant.

The following errors are assigned in this court: "1. The chancellor erred in overruling the demurrer to the bill. 2. The chancellor erred in the final decree rendered. 3. There is no proof that Winter is the owner of the judgment against Nix. 4. The bill shows that B. W. Young has an interest in the account prayed, and he should have been made a party. 5. The material allegations of the bill are made on information and belief only, when they should have been positively averred. 6. There is no sufficient averment of the insolvency of Nix."

CHILTON & GUNTER, for appellant.

ELMORE & YANCEY, contra.

A. J. WALKER, C. J.—It is contended that the chancellor's decree, granting relief to the complainant, is erroneous, because the bill does not allege the proceedings upon the complainant's judgment necessary to authorize a resort to the chancery court by a creditor. It is averred in the complainant's bill, that two executions issued upon the judgment, one to Coosa, and the other to Dallas county, both of which were returned " no property found." The decision in Brown & Dimmock v. Bates, 10 Ala. 432, is, that it is not indispensable for the creditor's bill to show that the execution was issued to the county of the debtor's residence, and returned " *nulla bona* ;" but, if there was not an execution to that county, it was a matter of defense to be made by the defendant; and that to make the defense available, it was incumbent upon the defendant to show that he not only resided, or had a place of business, in some other county than that to which the execution issued, but also that he had visible property therein, out of which the execution might have been satisfied, if the complainant had exercised due diligence to ascertain the fact. This authority is fatal to the objection, that the bill does not show an issue of execution to the proper county.

[2.] It is next objected, that paragraphs seven and eight of the bill contain allegations of the information and belief of the complainant, and not of facts. This objec-

tion is founded in a misapprehension of the paragraphs.
They aver facts upon information and belief, and not
simply the information and belief of the pleader; and
therefore do not fall within the principle settled in Jones
v. Cowles, 26 Ala. 612.

[3.] The principle settled in McLane & Plowman v.
Riddle & Burt, 19 Ala. 180, is conclusive upon the
question of the sufficiency of Semple's answer to establish
that the right to the judgment was in complainant, and
not in him.

[4.] No authority is cited to show that the accommo-
dation acceptor of the complainant's principal debtor was
a necessary party, and we perceive no sufficient reason
why he should be.

The decree of the court below is affirmed.