## MIXON *vs.* DUNKLIN ET AL.

[BILL IN EQUITY BY JUDGMENT CREDITOR TO SUBJECT PROPERTY HELD IN TRUST FOR DEBTOR.]

1. *Creditor's bill under section* 3442 *of Revised Code; when without equity.*— A bill filed under the provisions of section 3442 of the Revised Code, by a judgment creditor whose execution is not satisfied, to subject to its payment property held in trust for his debtor, is wanting in equity unless it alleges a return of "no property," or a partial satisfaction only.

2. *Same; what facts do not dispense with necessity of averment of return of "no property" on execution.*—The fact that the judgment creditor was prevented from having execution at law upon his judgment, by certain military orders issued by the officer in command in this State, under the acts of congress commonly known as the reconstruction acts, does not dispense with the necessity for a return of "no property," so as to entitle the creditor to maintain a bill under section 3442.

APPEAL from the Chancery Court of Dallas.
Tried before Hon. CHAS. TURNER.

The opinion states the facts.

FELLOWS & JOHNS, for appellant.
BROOKS, HARALSON & ROY, *contra.*

B. F. SAFFOLD, J.—The appellant filed his bill on the 11th of March, 1868, to subject to the payment of his judgment recovered against the appellee, Mrs. Dunklin, on the 21st of May, 1867, certain lands in her possession. He alleged, as a ground of chancery jurisdiction, that she and Sullivan, who claimed some interest in the property, mortgaged it, about the 7th day of May, 1867, to Smith and

Roberts, to secure the payment of a debt, which had been since paid, except a small balance; that an execution had issued on the judgment, and "the said judgment and execution remain wholly unsatisfied and unreversed, and of full force;" that certain personal property was embraced in the mortgage, and the mortgagees had advertised the land for sale, but not the personal property; that because of certain military orders in force he could not have execution at law of his judgment. He claimed that the mortgaged property was held in trust by the mortgagees for Mrs. Dunklin, and was subject to the payment of his debt in equity. He offered to pay any balance that was due on the mortgage, and prayed for general relief. The bill was subsequently amended, by making the assignee in bankruptcy of Mrs. Dunklin a party defendant in her stead. It was dismissed for want of equity.

The equity of redemption remaining in Mrs. Dunklin was subject to the execution of the complainant.—Revised Code, § 2871, par. 3. The mortgage was some embarrassment to him, as he had no legal way of ascertaining the precise amount still due upon it. The enlargement by statute of the jurisdiction of courts of law, without prohibitory or restrictive words, does not affect the original jurisdiction of courts of equity.—*Waldron v. Simmons,* 28 Ala. 629; Shep. Dig. 289, § 28. The extension of the execution to property or interests in property heretofore only accessible through equity is virtually an enlargement of the jurisdiction of the court from which it issues.

There are three prominent instances in which a creditor is entitled to the assistance of a court of chancery to obtain satisfaction of his debt. 1st. When, with or without a lien, he seeks to set aside a conveyance made to hinder, delay or defraud creditors.—Revised Code, §§ 1865, 3446. 2d. When an execution has been issued, and is not satisfied, and he wishes to compel the discovery of any property belonging to the debtor, or held in trust for him.— Revised Code, § 3442. 3d. When he may redeem.—Rev. Code, § 2513.

The first is not applicable to this case, because there is

no allegation of fraud, hindrance or delay in the intention of the mortgage. But the second embraces it, if the complainant has complied with its conditions, and includes every right he may have under the third, according to the statements of his bill. Section 3442 of the Revised Code does not require the creditor to have a lien. It supposes that there is nothing upon which a lien can rest. There must be a judgment upon which an execution has issued, and is not satisfied. The best evidence of these facts is the record. The plaintiff can not otherwise prove that his execution was issued and is unsatisfied, than by the production of the execution, with the sheriff's return thereon, for when made in pursuance of law, it becomes matter of record.—*Hardy v. Gascoigne*, 6 Por. 447. The complainant does not claim that his execution is unsatisfied because there was nothing upon which it could be levied. He says that on account of certain military orders he could not have execution at law of his judgment. Those orders were intended to apply equally to decrees in chancery, because their purpose was to prevent the sale of property under any process at the time and under the circumstances. But such an obstacle as that is not within the contemplation of section 3442.

For aught that appears in the bill, the military orders may have been the only difficulty the complainant encountered in satisfying his execution. The remedy in chancery was certainly not intended to apply to a case in which the plaintiff refused to have his execution enforced. The effect of the decisions in *Nix v. Winter*, (35 Ala. 309,) a case under section 3442, *Pharis v. Leachman*, (20 Ala. 662,) and *Brown & Dimmock v. Bates*, (10 Ala. 432,) is that proof of visible property of the defendant in the county to which the execution issued, out of which it might have been satisfied, if the complainant had exercised due diligence to ascertain the fact, would defeat the action. The averments of the complainant's bill must, under the general rule of pleading, necessarily be such as is inconsistent with this state of facts. As the statute requires the execution to be

unsatisfied, and the best evidence of that is the return of the sheriff, it is necessary that a return of "no property," or partial satisfaction, should be alleged and proved.

The decree is affirmed.