# Millsap *et al.* v. Stanley.

### *Bill in Equity for Recovery of Legacy.*

1. *Summons and severance.* — Where there is a summons and severance on appeal, the parties who assign errors will be treated as the only appellants, and will not be heard to complain of errors which are only prejudicial to the parties who refuse to join in the assignment.

2. *When legatee may come into equity.* — A legatee may file a bill in equity for the recovery of his legacy, whether the executor has assented thereto or not, although he might also enforce its payment, after the executor has assented, by proceedings in the probate court.

3. *Parties to bill.* — When a bill is filed by one of several legatees, to recover his share of a pecuniary legacy in the hands of the executor, himself and the executor are the only necessary parties to the bill; but the joinder of all the other legatees interested in the fund, and the personal representatives of those who have died, does not make the bill multifarious, or demurrable for misjoinder.

4. *Same.* — One of the two co-sureties on an executor's official bond, who is alleged to be a discharged bankrupt and insolvent, is not a necessary party to a bill for the recovery of a legacy, filed against the executor and the other surety.

5. *Statute of limitations.* — The statute which allows a bill in chancery to be filed, for the correction of errors in a settlement made by the probate court, within two years after the rendition of the decree (Rev. Code, § 2274), does not apply to a bill filed by a legatee against an executor, asking for an account and the recovery of a legacy, and seeking to set aside, as void, settlements made by the probate court during the late war, which, under the decisions of this court, are not conclusive, but are to be treated as foreign judgments only.

APPEAL from the Chancery Court of Barbour.
Heard before the Hon. B. B. McCRAW.

D. M. SEALS, WOOD & ROQUEMORE, and JOHN A. FOS-TER, for appellants.

STONE & CLOPTON, *contra.*

PETERS, C. J. — This is a suit in equity. It was commenced on September 23, 1869, by Sarah W. Stanley as complainant, against Templeton C. Millsap and Elizabeth T. Stanley as executor and executrix of the will of Lewis Stanley, deceased, and Templeton C. Millsap as administrator of the

estate of John W. Stanley deceased, and John W. Clark, Whitfield Clark, Elizabeth T. Stanley, and Parmeneus B. Stanley, as defendants. The cause was submitted in the court below on the "bill, exhibits, answers, decrees *pro confesso*, and proofs."

The bill shows that said Lewis Stanley died in said county of Barbour in this State, in the year 1855, leaving a will, by which he disposed of his estate, real and personal. This will was duly proven, and admitted to record, in the probate court of said county of Barbour; and letters testamentary were thereupon duly issued to said Templeton C. Millsap as executor, and to said Elizabeth T. Stanley as executrix of said will, on October 26, 1855; and they gave bond as such, and undertook the administration of the estate of said testator under said will. John W. Clark, Whitfield Clark, and one William Ivey were the sureties on said bond of said executor and executrix. The will is made an exhibit to the bill; and it appears from its recitals, that said testator "gave and bequeathed, after payment of his debts," to his wife, said "Elizabeth T. Stanley, and her three children, John W. Stanley, Parmeneus B. Stanley, and Sarah W. Stanley," then a minor, who is this complainant, "certain lands and appurtenances," and also certain personal property, all of which is described in said will; said property "to be used for the support" of said legatees, and "the education said children;" and when said Sarah W. Stanley "became eighteen years of age, the whole to be sold and divided between said Elizabeth T. Stanley and her three children" aforesaid; and the residue of the testator's estate is then given to his certain other children, who are named in the will.

The bill further shows, that the said representatives of said testator returned into said probate court an inventory of his estate, and sold, under proper order therefor, all the real and personal estate of said testator (except that given to said Elizabeth J. Stanley and her said three children), which brought the sum of $3,517, due in twelve months from January 2, 1856. It further appears that, in the said administration of said testator's estate, said representatives made final settlement and distribution of that portion thereof given to said residuary legatees, in October, 1858, by order of said court of probate; and they then had in their hands, for distribution among said residuary legatees, the sum of $3,000.20, which was distributed, and said legatees last said were paid in full; but no final settlement was then made of that portion of said testator's estate given to said Elizabeth and her said three children. After this, on December 18, 1861, said representatives filed their petition in said court of probate, asking an order for the sale of the slaves,

[Millsap v. Stanley.]

Martha, Mary, Jack, and Dick (called Richard in the will); and on the same day last above said, an order was granted by said court of probate to sell said slaves for distribution among the "*heirs*" of said testator, in conformity to the provisions of said will. On December 20, 1861, said representatives filed another petition in said court, alleging therein that said testator's estate was in "debt, at least about $2,000.00, and that said debt could not be paid at maturity without the sale of a part of decedent's property," and praying for an order to sell the slaves Tom and Henry, children of said woman Martha, and born after the probate of said will, and also girl Elvira, purchased by said representatives of said testator with the proceeds of the estate given to said Elizabeth and her said three children. The slaves Martha, Mary, Jack, and Dick, last above said, constituted a part of the property given to said Elizabeth and her said three children by said will. On this last named petition, it seems, there was an order granted by said probate court, in 1862, for a sale of said slaves; and they were sold under said order, on February 3, 1863, for the sum of $6,287.00, on a credit of twelve months. The bill charges that this sale was void, and that the debts mentioned were a charge on the residuum of said estate, and not on the special legacies, until the residue was exhausted; and that such residue was more than sufficient to pay said debts. It is also charged that said debts had been contracted by said representatives without authority; and that the order for the sale of Henry, Tom, and Elvira was obtained by committing a fraud on the court; that the order for the sale was void, and the sale a conversion of the property thus sold; and that said Millsap, the executor, became the purchaser at said sale, of slaves Martha, Henry, Tom, Mary, and Dick or Richard.

It is alleged, also, that under authority of some proceeding in the chancery court of Barbour county aforesaid, the land devised to Mrs. Stanley and her said three children was sold; but it is not stated when or why this was done. The sum thus realized for said land was $1,438.50. It likewise appears, that said representatives, on August 5, 1857, submitted to said probate court what purports to be a return of the cotton crops, and expenditures for and on account of the said Elizabeth Stanley, Parmenius B. Stanley, and complainant, during the years 1855 and 1856, in which return the reported net proceeds of said cotton crops are put down at $1,282.72, principal and interest. This seems to have been treated as an annual settlement, by which it was shown that there was a balance in the hands of said representatives of $911.62. It further appears, that there was another attempt at an annual settlement of said estate in said probate court, on October 14, 1861, when there was a

balance shown to be due said representatives, to the amount of $1,489.94, which latter proceeding is charged in the bill to be void. It is further charged that there are sundry errors and mistakes in this latter settlement, which are specified in the bill, and amount to the sum of $1,200.12 in the aggregate, in favor of said representatives. The bill then shows, that said representatives made what purports to have been intended as a final settlement of their said executorship of said testator's estate, in said probate court, on November 9, 1863; but the bill alleges that this pretended final settlement was void, and that complainant, who was a minor, was not represented in said proceeding by any guardian *ad litem;* that no distribution of said estate was then made, and said representatives were not discharged, but continued to act as such for many years afterwards. It is also stated that said representatives "failed to return or account for about seventeen bales of cotton, and several hundred bushels of corn, worth about $2,000.00, and also the hire of said slaves for several years for which they were liable to account, and with which they should have been charged on final settlement of said estate."

Complainant became of the age of eighteen years on January 19, 1862, and of the age of twenty-one years on January 19, 1865. Said John W. Stanley died before the filing of the bill, and said Millsap is the administrator of his estate. It is also averred, that complainant, John W. Stanley, deceased, and Parmenius B. Stanley, are the three children of said Elizabeth Stanley, named as legatees in the said will of said testator. It is further shown, that on June 15, 1864, said representatives filed in said probate court $1,500.00 in Confederate States bills, which had been funded in Confederate bonds, as belonging to the heirs of said estate, and thereupon asked said court for an order ratifying said investment; and an order was made on the same day by said court, that said representatives "be allowed to invest money of said estate in Confederate bonds." Said representatives claim credit for this investment; but the bill charges that it is illegal and void. It is also averred "that said estate is ready for final settlement and distribution, and should be divided among the persons entitled to the same, in accordance with the provisions of said will;" and that the residuary legatees under said will have no interest in that portion of said estate which remains unsettled. It is also shown that said William Ivey is insolvent, and a discharged bankrupt under the laws of the United States. The prayer of the bill is for general relief, and for an account and final settlement and division of said estate under the provisions of said will, and that said representatives pay complainant what is yet due her as her legacy. A copy of the proceedings in said probate court, as

they appear of record in that court, are made an exhibit to said bill as a part thereof, and so is a copy of said will.

Only Millsap, as executor of said Lewis Stanley, deceased, and Whitfield Clark, answer the bill. Decrees *pro confesso* are taken against Mrs. Stanley, Parmenius B. Stanley, and Millsap, as administrator of the estate of John W. Stanley, deceased. These decrees are not entered in full, but in the words following: "On motion of complainant, decree *pro confesso* is granted against Elizabeth Stanley and Parmenius B. Stanley, defendants." A decree in similar form is entered against Millsap, as administrator of the estate of John W. Stanley, deceased. No notice is taken of John W. Clark, who seems to have been dead when the bill was filed. The answers of Millsap and Clark substantially admit the proceeding in said probate court, as alleged in the bill, and the other facts stated in the bill as to the right of the complainant, except the charges of fraud and invalidity of the said proceedings in said probate court, and set up the statute of limitations in bar of the correction of the errors in the settlement in the said court of probate ; and insist that these proceedings are valid, and discharge the executor and executrix from further accounting. They also demur to the bill for want of equity, and for mis-joinder and non-joinder of parties.

The chancellor decreed, that complainant was entitled to relief, and ordered a reference to the register to take and state an account, and report in the usual form, between the complainant and representatives aforesaid. No notice is taken of the demurrers. The errors assigned in this court are, the overruling of the demurrers, and the decree of reference, and the failure of the chancellor to dismiss the bill. The appeal is taken by Millsap and Whitfield Clark, in the names of all the defendants ; but only Millsap and Clark insist on the assignment of errors.

1. Only Millsap and Whitfield Clark have appeared in this court, and assigned errors. The other defendants in the court below, in whose names the appeal is taken, have been summoned, but they refuse to unite in the assignment of errors. They are, therefore, severed, and are no longer to be considered parties to the appeal, and the cause in this court will proceed in the names of Millsap and Clark alone. Only such errors as affect them injuriously will be considered. For the purposes of the present case in this court, they will be treated as the only appellants, who complain of the judgment below.

2. I have set out the contents of the bill in this case at considerable length, because it seems to have been drawn with so little regard to technical rules, that all the facts relied upon are necessary to show its real character. It is a bill to enforce the

payment of a legacy. The complainant is a legatee, and claims only as such. She claims a distributive interest in a joint estate, given to herself and others by her father's will, and not otherwise. The facts set out in the bill show this beyond all question. In such a case, in this State, a court of chancery will take jurisdiction, notwithstanding the same right may be enforced in the probate court upon the petition of the legatee. Rev. Code, § 2098. The will directs that, after the complainant became of the age of eighteen years, which occurred on January 19, 1862, the whole property given to the legatee named, which then remained, should " be sold and divided." This would necessarily convert the legacies into money demands. In such case, it seems the settled law, that, " whether a pecuniary legacy is recoverable at law or not, after the assent thereto by the executor, it is very certain that courts of equity now exercise a concurrent jurisdiction with all other courts in cases of legacies, whether the executor has assented thereto or not." 1 Story's Eq. §§ 593 et seq. ; 2 Story's Eq. § 1067 ; 18 Ala. 348 ; Childress v. Childress, 47 Ala. 556. The prayer of the bill is for general relief, and that the representatives of the testator pay the complainant what is yet due her of her legacy. The statement of facts in the bill, and the relief asked, make this a bill for payment of a legacy. Rev. Code, § 3327 ; Story's Ch. Pl. § 41, and notes ; and cases supra. There is, then, no merit in the objection that the bill is without equity ; and there was no error in disregarding it.

3. The court of chancery, having rightly taken jurisdiction for one purpose, will exercise that jurisdiction to the extent that shall do complete justice to all parties having any right to be heard. 29 Ala. 397 ; 31 Ala. 274. The only necessary parties in such a suit, who are indispensable, are the legatee, who demands the legacy under the testator's will, and the representatives of the testator, who have received the legatee's share and distributive interest, and withhold and refuse, or fail on demand, to pay it over, after the legatee becomes entitled to receive it. These are the parties in whose absence no decree can be rendered respecting the subject-matter of the litigation. Story's Eq. Pl. §§ 136, 72. But, in this case, all the legatees were before the court. They were parties interested in the subject-matter, but not in the object of the suit. Calv. on Parties, 5, 6, 10, 11. The administrator of John W. Stanley, deceased, was a proper party defendant in the court below, as he succeeded to all the rights and credits of the deceased, and to the possession and control of his real estate, for the payment of his debts and distribution of the residue. Rev. Code, §§ 2060, 2047, 2079 ; 10 Ala. 493 ; also, 41 Ala.

[Millsap v. Stanley.]

292; 24 Ala. 122; 10 Ala. 60; Rev. Code, § 2216. The objection of multifariousness on this ground was properly disregarded.

There is no decree against the parties against whom the irregular decrees *pro confesso* were entered, except Mrs. Stanley, and she does not complain. This, then, is not a ground of error in favor of the appellants. It does not injure them, and they have no right to complain of it. As to these appellants, it is error without injury, if error at all.

The second assignment of error is, that " The court erred in rendering judgment against John W. Clark, when the record shows that he was not served." There is no decree against John W. Clark, who was probably dead when the bill was filed. This assignment, then, is not sustained by the record.

4. Ivey is a co-surety with Whit. Clark on the executor's bond. The bill shows that he was insolvent, and a discharged bankrupt. He was not an indispensable defendant to the bill. The cause could have proceeded without him. His presence in court would have added to the costs of the complainant, without benefit to the defendants. The non-joinder of such a defendant is not error. *Bumpas* v. *Webb*, 4 Port. 65, and authorities *supra*.

The joining of the administrator of John W. Stanley, deceased, who was one of the legatees, does not make the bill multifarious. This was admissible, as above shown.

The fifth assignment of error is but a repetition of the fourth ; and for like reasons it is untenable. Millsap alone, as the administrator of the estate of John W. Stanley, deceased, who was a legatee, was made a party defendant to the bill, and not his sureties. This was proper.

5. The bill in this case is not so much a proceeding for the correction of mistakes, committed in a settlement of the estate of the testator in the court of probate, as it is to enforce the payment of a legacy. The statute of limitations applicable to such a suit in chancery, to correct errors of the probate court, does not apply in this case. The decrees of the courts of the rebel government of this State, during the late war, are to be treated as foreign judgments. *Martin* v. *Hewitt*, 44 Ala. 418. They are not final and conclusive. They are open to correction. *Moseley* v. *Tuthill*, 45 Ala. 621. The court below has jurisdiction in this case as presented by the pleadings, and it has been thus far properly administered. 1 Brickell's Dig. p. 647, §§ 121, 122, and cases *supra*.

There is no error in the record as presented by the assignment of errors. The judgment of the court below is consequently affirmed, at the costs of the appellants, Millsap and Clark, who alone prosecute the appeal in this court.