# Martin *v.* Carter.

*Bill in Equity by Judgment Creditor, to reach and subject Equitable Assets.*

1. *Sale of mortgaged lands under execution.*—A mortgagee's interest in the mortgaged lands, before foreclosure, is not subject to levy and sale under execution at law.

2. *Garnishment of partial interest in debt.*—A debtor's undivided interest in a note, payable to him and several other persons jointly, can not be reached and subjected by garnishment, since this would be splitting up a single cause of action.

[Martin v. Carter.]

3. *Creditor's bill to subject equitable assets; parties.*—A judgment creditor, having an execution returned unsatisfied, may maintain a bill in equity to reach and subject his debtor's undivided interest in a claim secured by note and mortgage payable to him and several other persons jointly, and the mortgage foreclosed (Code, § 3540); and the other joint owners of the claim are properly joined as defendants to the bill.

APPEAL from the Chancery Court of Jackson.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 2d July, 1888, by W. A. B. Carter, against John Martin, W. C. Wells, P. H. Moore, and six other persons; and sought to reach and subject to the satisfaction of a judgment which the complainant had obtained against said Martin, and on which an execution had been returned "No property found," his undivided interest in a debt owing by said Wells and Moore to him and the other defendants jointly, for which said debtors had executed two promissory notes, secured by mortgage on a tract of land. The land had been sold and conveyed to said Wells and Moore by said Martin and the other defendants, at the price of $2,400, for which the purchasers executed their two promissory notes, payable to all of the vendors jointly; each note being for $1,200, and dated April 27, 1887, one payable thirty days after date, and the other in twelve months; and the notes were secured by a mortgage on the land, containing a power of sale. The complainant's judgment against Martin was rendered on the 25th August, 1887, in a statutory action in the nature of ejectment, for $110 damages, and $248.45 costs; and the execution thereon was returned "No property found" on February 3d, 1888. The bill alleged that, the first note for the purchase-money not being paid at maturity, the payees had instituted an action at law on it, which suit was still pending, and had advertised the land for sale under the power in the mortgage. It was alleged, also, that the complainant had sued out a garnishment on his judgment, against Wells and Moore, as the debtors of Martin, and that the garnishees had not answered. On these allegations the bill prayed a discovery as to Martin's interest in said mortgage, and that it be ascertained and separated; that a decree be rendered against Wells and Moore, in favor of complainant, for the amount due from them to Martin, or so much as might be necessary to satisfy complainant's judgment against him; that the mortgage be foreclosed, and Martin's interest in the proceeds be applied to the satisfaction of complainant's judgment against him; and for other and further relief.

The defendants filed a joint and several demurrer to the bill, assigning these grounds of demurrer: (1) that it shows

7

on its face complainant had an adequate remedy at law, and is pursuing that remedy; (2) that it shows Martin has the legal title to real estate, which is subject to complainant's execution; (3) "that it seeks to foreclose a mortgage on lands executed to these defendants jointly, to collect a judgment which complainant has against said Martin, and in respect of which no one of these defendants except said Martin is interested." The chancellor overruled the demurrer, and his decree is here assigned as error.

R. C. Hunt, for appellant.

Wm. L. Martin, contra.

CLOPTON, J.—Section 3540 of the Code declares: "When an execution for money from any court has been issued against a defendant, and is not satisfied, the plaintiff, or the person for whose benefit such execution is sued out, may file a bill in chancery against such defendant, to compel the discovery of any property belonging to him, or held in trust for him, and to prevent the transfer, payment or delivery thereof to such defendant; except when the trust has been created by, or proceeded from some other person than the defendant himself; and the court may bring any other party before it, and decree such property, or the interest of the defendant therein, to the satisfaction of the sum due the plaintiff." It has been said, that the statute is intended to declare and establish the principle, that a creditor, after exhausting his legal remedies, might go into a court of equity for the purpose of subjecting the equitable estate of the debtor, or other interests, which could not be made available at law, and to remedy defects in the course of procedure. Under the statute, a bill may be filed to subject property which can not be sold under execution, or reached by legal process, or for discovery in aid of the execution at law. Before the statute, the allegations of the bill were required to be specific and precise in respect to the estate or interest therein sought to be subjected; while, under the statute, the bill need only allege the supposed interests in the property of the defendant in the general terms of the act, either positively, or in the alternative.—*Brown v. Bates*, 10 Ala. 432.

The bill, which is filed by appellee, alleges that complainant is a judgment-creditor of the defendant, John Martin, upon which judgment execution has been issued and returned "No property found." It seeks to subject to the claim of complainant the interest of Martin in two notes executed by the defendants,

[McCurdy v. Middleton.]

Wells & Moore, to Martin and the other six defendants jointly, and to foreclose a mortgage given by the makers of the note to the payees to secure the payment thereof. Manifestly, the interest of Martin in the mortgaged property can not be levied on and sold under execution.—*Morris v. Barker*, 82 Ala. 272. It is equally manifest that the interest of Martin in the 'note can not be reached and subjected by process of garnishment; for this would be splitting up the cause of action, and rendering judgments against the makers in favor of the joint payees severally. The interest of Martin in the notes can not be made available at ·law, and the bill is well filed under the statute.

The court is authorized by the statute to bring any necessary party before it—any person having an interest in the subject-matter. Without the presence of the other payees, a decree could not be rendered separating Martin's interest, which would be conclusive on them; they are indispensable parties.

Affirmed.