[Turrentine v. Koopman & Gerdes.]

# Turrentine *v.* Koopman & Gerdes.

*Bill by Judgment Creditors to Subject an Equity of Redemption to their Claims.*

1. *Legal remedies must be exhausted before resort to equity.*—A bill in equity brought by a judgment creditor to subject to the satisfaction of his judgment an equity of redemption owned by his debtor, is subject to demurrer when it fails to allege that the complainant had resorted to and exhausted his legal remedies. Sub-division 3 of section 638 of the Code does not change the rule in regard to a resort to chancery before exhausting legal remedies.

2. *Judgment creditor cannot force foreclosure of mortgage to subject equity of redemption.*—A judgment creditor cannot force the foreclosure of a mortgage to subject the equity of redemption owned by his debtor in lands which he had mortgaged, to the satisfaction of the debtor's judgment. The case of Davis v. Cook, 65 Ala. 617, has in effect been overruled.

APPEAL from the Morgan Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill in equity by Koopman & Gerdes against W. E. Turrentine and his wife, and S. B. Bradley. Appeal from decree overruling demurrers to the bill.

The facts are stated in the opinion.

BROWN & CURTIS, for appellant.—(1). Mortgage carries legal estate to the mortgagee, leaving equity of redemption to mortgagor.—*Childress v. Monette,* 54 Ala. 317; *Atchison v. Broadhead,* 56 Ala. 414. (2). Equity of redemption subject to levy and sale—hence, appellees had complete remedy at law.—*Lovelace v. Webb,* 62 Ala. 271; *Gassenheimer v. Moulton,* 80 Ala. 52. (3). Equity will not intervene when the statute creates a new right and prescribes remedy for its enforcement or to supply deficiency in the legal remedy.—*Phillips v. Ash,* 63 Ala. 414; *O'Conner v. Chamberlin,* 59 Ala. 431; *Askew v. Myrick,* 54 Ala. 30.

ARTHUR L. BROWN, *contra.*—Complainants had the right to reach the equitable interest of one of the defendants by bill in equity. This right is not precluded

[Turrentine v. Koopman & Gerdes.]

by the statute since there is nothing in the statute in-
hibiting it.—*Waldron v. Simmons,* 28 Ala. 629; *Craw-
ford v. Childress,* 1 Ala. 486; *Couch v. Terry,* 12 Ala.
225; *Dement v. Baggess,* 13 Ala. 140.

SHARPE, J.—The complainants as judgment credi-
tors of the defendant W. E. Turrentine, seek by this bill
to subject to the satisfaction of their judgment . an
equity of redemption owned by their debtor in lands
which he had mortgaged to the defendant Bradley, and
upon which it is alleged there remains due only a small
balance.  To that end the bill prays for a sale of the
land and for the application of the proceeds to the dis-
charge of the mortgage and afterwards to their judg-
ment.  It is not alleged that any attempt has been made
by execution or otherwise to collect the judgment or
that legal remedies are not available.

To uphold the equity of the bill, it appears from the
complainant's brief that they rely on sub-division 3 of
section 638 of the Code, where in the enumeration of
certain powers of the chancery courts it is declared that
their jurisdiction extends "to subject an equitable title
or claim to real estate to the payment of debts."

The contention that the broad language of this pro-
vision confers on creditors the right to resort to chan-
cery whenever they elect to pursue equitable interests
of their debtors, is unsupported by authority.  On the
contrary it has been repeatedly held that the exhaustion
of legal remedy, usually by the issuance of execution
and its· return unsatisfied, or only partially unsatisfied
is necessary to enable the creditor to invoke the aid of
chancery.—*Mixon v. Dunklin,* 48 Ala. 456; *Brown v.
Bates,* 10 Ala. 432; *Thomason v. Scales,* 12 Ala. 309;
*Roper v. McCook,* 7 Ala. 318; *Nix v. Winter,* 35 Ala.
309; *Carter v. Coleman,* 82 Ala. 177; Code, § 814.  The ·
equitable remedy in cases of fraudulent transfer by a
debtor of his property has been extended by the statute
(Code, § 818) to creditors at large; but the rule is un-
changed where there is no fraud involved.  The declara-
tory provision referred to was doubtless intended to
settle the question which appears to have been origin-
ally in doubt in England and in some courts of this

country, as to whether equity could aid a creditor in the collection of a judgment at law, by subjecting equitable assets where the legal remedy was unavailing for want of legal assets. The statute declares the power in general terms, but contemplates its exercise conformably to the usual principle which denies relief in equity when there is adequate remedy at law. The equity of redemption which exists before foreclosure of a mortgage is subject to execution (Code, § 189) and the purchaser is vested with the right to redeem. This bill fails to show the existence of any obstacle to the collection by execution of the judgments either from the equity of redemption, or from other property of the debtor. The case of *Miron v. Dunklin, supra,* is strictly analogous to this and is conclusive authority against the maintenance of the bill in its present form.

The bill has no separate equity to compel the foreclosure of Bradley's mortgage. Even if complainants had acquired a lien by their judgment which is not shown, they could not force the foreclosure. The case of *Davis v. Clark,* 65 Ala. 617, cited for complainants as showing such right in a junior incumbrancer has in effect been overruled.—*Ware v. Hamilton Brown Shoe Co.,* 92 Ala. 145; *Ware v. Seasongood,* Ib. 152; *Kelly v. Longshore,* 78 Ala. 203.

The decree overruling the demurrers will be reversed and a decree here rendered sustaining them and allowing thirty days within which the bill may be amended.

Reversed and rendered.