### FIRST NAT. BANK OF BIRMINGHAM
### v. JOHNSON et al.
### 6 Div. 243.

Supreme Court of Alabama.

June 1, 1933.

Murphy, Hanna, Woodall & Lindbergh, of Birmingham, for appellant.

Martin, Thompson, Turner & McWhorter, of Birmingham, for appellees.

FOSTER, Justice.

This is a creditors' bill by a simple contract creditor to vacate a sale made by its debtor of certain property, and that it be subjected to the satisfaction of the debt. Section 7342, Code. The question we have is one of venue. The debtor is W. R. Young, and his grantee is his son Harry K. Young, both of whom reside in Bibb county.

The property sought to be subjected is the partnership interest of W. R. Young in the Coca Cola Bottling Company of West Blocton, also in Bibb county. That interest is alleged to be approximately 11⅔ per cent. of the whole. The names of four others are given as the other partners (making five in all), one of whom resides in Jefferson county, Ala., where the suit was filed, and one in Tennessee, and the others in Bibb county, Ala.

The Bibb county residents pleaded in abatement that it was not filed in the proper district, for that the Jefferson county resident was not shown to be a material party, as provided by section 6524, Code. Upon the determination of that claim hinges the result.

■ It has often been held that, in order to fix the venue by the residence of a material party defendant, he must have been really interested in the suit, and that a decree against him is sought, so that his interest is in a sense antagonistic to that of complainant; in other words, a necessary rather than a merely proper party. Lewis v. Elrod, 38 Ala. 17; Harwell v. Lehman, Durr & Co., 72 Ala. 344; Gay, Hardie & Co. v. Brierfield, C. & I. Co., 106 Ala. 615, 17 So. 618; Puckett v. Puckett, 174 Ala. 315, 56 So. 585; Ex parte Fairfield-Amer. Nat. Bank, 223 Ala. 252, 135 So. 447.

■ The main purpose and theory of a creditors' suit is to subject the property of the debtor to the satisfaction of the debt, and to remove obstructions such as fraudulent conveyances.

■ The sufficiency of the bill is not here involved except for the purpose of determining its nature and character so as to ascertain who are necessary parties to such a bill. As we have said, it seeks to vacate a sale of the interest of W. R. Young in the partnership and to have an accounting and settlement of the partnership business; that such interest be ascertained and condemned to the satisfaction of the debt, and for general relief. A partner's interest is subject to levy and sale under execution, after which the purchaser may go into equity, have a partnership dissolution and the interest which he acquired at the sale delivered to him on a settlement and accounting. Farley, Spear & Co. v. Moog, 79 Ala. 148, 58 Am. Rep. 585; Daniel v. Owens, 70 Ala. 297; Steiner v. Peters Store Co., 119 Ala. 371, 24 So. 576.

■ When a court of chancery takes jurisdiction for one purpose, it will extend that jurisdiction so as to do complete justice, in respect to matters which directly result from

its decree. But, when the decree thus leads to collateral issues, the venue is said not to be controlled by the residence of those who are necessary parties to such collateral relief, but have no interest in the main matter of controversy. Puckett v. Puckett, supra. It is held also that, when the right is against a tenant in common, the other tenants are not necessary parties, unless the entire property is sought to be divided, sold, or otherwise affected. Burke v. Josiah Morris & Co., 121 Ala. 126, 25 So. 759; Millsap v. Stanley, 50 Ala. 319.

■ But, if the right and purpose of complainant is to separate the share of his debtor from that of the other shareholders, and thereby cause a division of the jointly owned property, all the shareholders are necessary to accomplish that completed relief. Martin v. Carter, 90 Ala. 96, 7 So. 510. Under such circumstances, all the shareholders occupy a position antagonistic to one another, in the sense of the authorities cited.

The primary right of complainant in this suit is to subject the partner's share to sale for the debt after vacating the conveyance. This may be done without a partnership dissolution and settlement, or it may lead to that result dependent upon whether the purchaser at the sale or the other partners elect to dissolve it or all agree to proceed with the partnership business. The creditor usually gets his legal rights as such when he subjects the property to sale. Who will the purchaser be? What will be his wishes as to the further progress of the business?

In 47 Corpus Juris, 1160, of the text, it is said: "Ordinarily an individual creditor of a partner is not entitled to an accounting, at least until he has obtained a judgment and secured a lien on his debtor's interest in the firm, or has become a purchaser of the debtor's interest or secured an assignment thereof." See, also, Alter v. Brooke, 9 Phila. (Pa.) 258; Lincoln Bank v. Grey, 12 Lea (Tenn.) 459.

The bill in this case makes no charge of fraud or collusion by the other four partners to defeat complainant in the collection of its debt.

In Henderson v. Farley Nat. Bank, 123 Ala. 547, 26 So. 226, 82 Am. St. Rep. 140, the bill by a judgment creditor alleged that the partnership consisted of the judgment debtor, J. M. Henderson, and Fox Henderson as the only two partners, each having an equal interest; that Fox Henderson was aiding J. M. Henderson to convert his assets into money, and put it beyond the reach of creditors, and had purchased his interest in some of its effects. So that the only partner is the one charged with participating in the fraud, and putting it into effect. The court held that under such circumstances it could settle the partnership and condemn J. M. Henderson's interest to the satisfaction of the debt.

But in this case the other four partners are charged with no wrong, nor participation in the sale of W. R. Young to his son. We do not think that the court in the Henderson v. Farley Case, supra, intended to hold that complainant, as a simple contract creditor of one of the partners, without any wrong by the others, could stop its affairs, wind up its business, sell its assets, incur cost and expense to be mostly borne by innocent partners because one of them owes complainant a debt, and has fraudulently sold his interest to an outsider, when the partnership has apparently elected to continue in business, notwithstanding such sale. The Henderson Case, supra, is different in respect to the very essence of such right.

■ In the absence of fraudulent collusion between the partners, upon which that case is expressly predicated, no right is shown to a dissolution and settlement of the partnership at the suit of a mere creditor of one of the partners, when there is no charge of waste, destruction, hiding out, or other concealment of its assets, and before a sale of such interest to complainant, without the election of some one of the others so to do; but that such creditor may then only do so after he has acquired the interest of his debtor in the partnership at a sale, if one shall be decreed.

■ For the purpose of vacating a sale of such partner's interest on the ground that he has fraudulently sold or conveyed it to his son, and for the purpose of condemning to sale such interest, the partner doing so and his son are the only necessary parties, but the other partners are proper parties. Millsap v. Stanley, supra.

■ Taking this view of the case, Crawford Johnson, Sr., a resident of Jefferson county, a partner in the business, not a participant in any allegation of wrongdoing respecting complainant, is not a necessary party, and the venue cannot be laid in Jefferson county solely because of his residence in it.

The decree of the circuit court was in accord with our views, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.