177 So. 640

### FAULK v. McDUFFIE.
### 4 Div. 916.

Supreme Court of Alabama.
Dec. 16, 1937.

Mulkey & Mulkey, of Geneva, and E. S. Thigpen, of Dothan, for appellant.

Carmichael & Tiller, of Geneva, for appellees.

BROWN, Justice.

This appeal is from the final decree of the circuit court dismissing appellant's bill, filed on the 29th of April, 1935, against M. B. McDuffie, a judgment creditor of J. E. Faulk, and W. C. Register, as sheriff of Geneva county, to restrain and enjoin them from proceeding to sell the alleged interest of J. E. Faulk in the Samson Gin & Warehouse Company, a partnership, under execution issued out of said court on a decree rendered therein in favor of the said McDuffie, on April 29, 1929, for the sum of $2,456.98 and costs in said suit, which said decree, as the bill alleges, "was duly registered in the office of the judge of probate of Geneva county, and remains unpaid."

The fact alleged as the basis for the relief which the bill seeks, is that the complainant is the sole owner of the property, and that the said J. E. Faulk never became a member of said partnership and had no interest therein.

Under the averments of the bill, the burden was on the complainant to show that he was the sole owner of the assets of said Samson Gin & Warehouse Company, which confessedly existed, and that said J. E. Faulk was not a member of said partnership, at the time of the rendition and recordation of said decree in favor of appellee McDuffie.

The question presented is purely one of fact, and on these questions of fact the evidence is conflicting. To our minds it will serve no useful purpose to discuss in detail the evidence in the case, and we deem it sufficient to state our conclusions thereon.

We concur in the conclusion embodied in the decree that the complainant has failed to meet and carry the burden of proof imposed on him by the averments of his bill.

There is some suggestion in argument that the complainant, under the provisions of section 9373 of the Code of 1923, had a lien on the interest of said J. E. Faulk to secure money advanced to him as such partner. It is sufficient answer to this suggestion that no such lien was asserted by the bill's averments, as a basis for relief, and this suggestion is wholly inconsistent with the facts alleged on which the equity of the bill depends—that said J. E. Faulk was never a member of said firm.

The interest of an individual partner in the partnership is subject to levy and sale under execution. Code 1923, § 7821; First National Bank of Birmingham v. Johnson et al., 227 Ala. 40, 148 So. 745.

The proceedings and decree of the circuit court appear to be free from error, and must be affirmed.

It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.