HENRY A. DINSMORE *versus* JOHN CROSSMAN *& al.*

A bill in equity for the redemption of a mortgage, seeking for answers to al-
legations in reference to consideration, amounts received for rents and in-
come, and sums paid, is not a bill of discovery, and need not be "verified
by oath."

BILL IN EQUITY, heard on demurrer.
The facts appear in the opinion.

*Libbey & Snow*, in support of the demurrer.

*J. Baker, contra.*

KENT, J. — A demurrer is interposed to the bill on the
ground that it is not verified by oath as required in certain
cases, by rule 1 of this Court in chancery cases. 37 Maine,
581. That rule is that "bills of discovery and those pray-
ing for an injunction must be verified by oath."

This bill is for a redemption of a mortgage, and is for
relief. It seeks also for answers to certain allegations in
reference to consideration, amounts received for rents, and
income, and sums paid. It has the usual allegation of a
demand for an account, &c.

All bills in equity that seek for answers to matters al-
leged may, in one sense, be said to be bills for discovery,
although they seek for relief based on such facts. But
there is a distinct bill in chancery practice known as a bill
of discovery. It is *that* and nothing else. It seeks only
for the discovery of facts resting in the knowledge of the
other party, or of deeds and writings or other things in his
custody or possession, but seeking no relief in that bill in
consequence of the discovery. Bouvier's Law Dict., title
Bill in Chancery Practice; Story's Equity Plead., 288.

The question raised in this case seems to have been set-
tled in *Hilton* v. *Lothrop*, 46 Maine, 297.

The bill of discovery, referred to in the rule of Court, is
the pure and simple bill of discovery, and not the common

bill which seeks relief, and, to lay the foundation for it, asks for answers to the charging part of the bill.

*Demurrers overruled.*

*Respondents to answer.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and DANFORTH, JJ., concurred.