# Floyd v. Floyd.

77 353
121 129.

*Bill in Equity by Judgment Creditor, for Discovery and Sale of Debtor's Property.*

1. *Allegations of creditor's bill for discovery.*—A judgment creditor, having an unsatisfied execution, may file a bill in equity for discovery and relief under the statute (Code, § 3882), without alleging fraud on the part of his debtor, or the concealment of his property with intent to hinder, delay, or defraud his creditors; and he may frame its allegations in the alternative.

2. *Same.*—If the bill alleges that, at the time of the rendition of the complainant's judgment, the defendant owned and held lands particularly described; that he and his wife have conspired to defraud complainant; that the wife now pretends to own and hold the lands, with all the other property belonging to her husband; and that if he ever executed to her any deed or other writing, it was executed after the complainant's rights had accrued, was without valid consideration, and executed with intent to defraud complainant; these allegations are not equivalent to an averment of a fraudulent conveyance by the debtor to his wife.

3. *Conveyance by husband to wife; proof of consideration as against*

23

[Floyd v. Floyd.]

*creditor ; hearing on bill and answer.*—As against creditors of the husband existing at the time of the execution of a conveyance by him to his wife, the *onus* is on her to show the payment of a valuable consideration; but an indebtedness on his part, for moneys belonging to her statutory estate, by him received and converted, or appropriated to his own uses, is a valuable consideration; and where such consideration is set up in an answer under oath to a bill for discovery, and in response to special interrogatories attached to the bill, and the hearing is on bill and answer only, the complainant is not entitled to a decree subjecting the lands to the satisfaction of his debt.

APPEAL from the Chancery Court of Pike.

Heard before the Hon. N. S. GRAHAM.

The bill in this case was filed on the 30th August, 1883, by Theophilus Floyd, a judgment creditor of Benjamin E. Floyd, with an execution returned "No property found," against the said Benjamin E. Floyd and his wife, Mrs. M. G. Floyd; and sought a discovery as to the property and assets of the said Benjamin E. Floyd, and a sale of so much thereof as might be necessary to satisfy the complainant's judgment. The complainant's judgment was for $250 damages, and $94.35 costs, and was rendered in the Circuit Court of Pike, on the 19th April, 1881, in an action of trespass commenced on the 14th October, 1879. An execution on the judgment was levied, August 17th, 1881, on a tract of land containing 335 acres, and the complainant became the purchaser at the sale; but the defendant's wife giving notice at the sale that the land belonged to her, the purchase was not consummated, and other executions were returned "No property found." As to this tract of land, the bill contained these averments: "Your orator charges and avers that all of said lands are owned and held by said Benjamin E. Floyd in his own name and right, and that he alone claimed said lands up to the time said suit was brought, and was the owner thereof, and said lands were held by him in his own name up to the time of the rendition of said judgment; . . . that said Benjamin has money, property or effects, which are liable to the payment of said judgment; that the said Benjamin and his said wife have conspired and confederated together, and she (the said M. G. Floyd) pretends to hold and own said property, and all other property belonging to the said Benjamin, to hinder, delay and defraud your orator in the collection of his said judgment; that if there is any deed, or other writing to said property, by said Benjamin Floyd to his said wife, the same was executed without any legal or valid consideration, and was voluntary, after the rights of your orator had accrued; and that said transactions between said Floyd and his wife were entered into between them to hinder, delay, and defraud your orator in the collection of his said debt; that the said M. G. Floyd had no estate at the time she married the

[Floyd v. Floyd.]

said Benjamin, nor has she inherited any such estate since her said marriage, nor has she received any gift of any such estate, unless it be a gift by said Benjamin E. Floyd to defeat your orator in the collection of his said debt." Answers on oath were required, and special interrogatories were annexed to the bill, which the defendants were required to answer, as stated more fully in the opinion of the court.

The defendants demurred to the bill, assigning the following as grounds of demurrer: 1st, "because said bill alleges that said Benjamin E. Floyd conveyed his property to his co-defendant, without averring that such conveyance was made with intent to hinder, delay, or defraud creditors;" 2d, "because said bill alleges that said Benjamin E. Floyd conveyed his property to his co-defendant with the intent to hinder and delay the complainant in the collection of his said judgment;" 3d, "because said bill is multifarious, in that it sets up fraud on the part of the defendants as a ground of relief, and, at the same time, avers separate and independent facts as entitling him to relief;" 4th, "because said bill contains alternative grounds which do not entitle the complainant to the same relief."

The demurrer was overruled by the chancellor (Hon. JOHN A. FOSTER), and the defendants then filed a joint answer, in which they denied the charges of fraud, alleged that Mrs. Floyd had a statutory estate, and that the lands described in the bill belonged to her; and in their answers to the interrogatories they described the several conveyances under which she held the lands, stated their consideration, and made them exhibits. Among these deeds was a conveyance of eighty acres of the land, executed by the said Benjamin E. Floyd to his wife, which was dated March 15th, 1880, and recited the payment of $300 as its consideration. The cause was submitted for decree on the bill and answer, with the respective exhibits thereto; whereupon the chancellor rendered a decree for the complainant, ordering a sale of the eighty acres of land for the satisfaction of his judgment.

The appeal is sued out by the defendants, who here assign as error the overruling of their demurrers to the bill, and the final decree.

WM. H. PARKS, for the appellants.

N. W. GRIFFIN, and W. D. WOOD, contra.

CLOPTON, J.—Omitting all superfluous allegations, the bill must be construed as filed by a judgment creditor having an unsatisfied execution, under section 3882 of the Code, for

[Floyd v. Floyd.]

the purpose of discovering any property belonging to the judgment debtor, or held in trust for him. Such a bill is in aid of the execution at law, and entitles the complainant to a discovery of all the property, real and personal, legal and equitable, which the defendant owned, or had an interest in, at the time the judgment was obtained. The bill may be general in its allegations, and they may be in the alternative; but the complainant is not required to allege fraud on the part of the debtor, or the concealment of his property with the intent to hinder, delay, or defraud his creditors.—*Brown v. Bates*, 10 Ala. 432.

There is no allegation that any fraudulent conveyance or disposition of his property has been made by the debtor, which the bill seeks to annul. The averments are, substantially, that the debtor owned and held in his own name the lands mentioned in the bill, to the time of the rendition of the judgment; that he and his wife have conspired to defraud complainant, and the wife *pretends* to own and hold the lands and all other property belonging to her husband; and if any deed or other writing was made by him to her, it was made after the rights of complainant had accrued, without any valid consideration, and with intent to defraud complainant. The allegation of a pretense to own and hold is not equivalent to an averment of a conveyance or transfer to her by the husband. On the bill being taken confessed, the court could render no decree annulling or avoiding any particular conveyance or transfer. The bill is not framed for the purpose of subjecting property alleged to have been fraudulently transferred, but for discovery and relief under the statute. So construed, the bill is not obnoxious to the *specified* causes of demurrer, in whatever other respects it may be defective.

An answer under oath was required, and the submission was on bill and answer. The answer stated, that the defendant debtor did not own any of the property in the bill mentioned, but that it belonged to the wife; and disclosed several conveyances of land to Mrs. Floyd, one of which was made by her husband in 1880. No discovery of any property belonging to the judgment debtor was made, other than that the land conveyed to his wife formerly was his property. It may be conceded, that in respect to this land the *onus* was on Mrs. Floyd to show a valuable consideration paid. It has been uniformly held, that a deed by the husband to the wife in payment of money, being her statutory separate estate, converted or used by him for his own purposes, is founded on a valuable consideration. By an interrogatory authorized by the averments of the bill, the defendants were called on to discover whether either of them owned the lands, or any parts of them, in the bill mentioned, and if so, from whom, and when acquired, and

[Montgomery Southern Railway Co. v. Matthews.]

what was paid for them, and to attach copies of the several deeds. In response to this interrogatory, the answer attaches copies of the various deeds, and states the amount of purchase-money paid for each parcel. As respects the land conveyed by the husband, it states that the conveyance was made to reimburse the wife for money and property of her statutory separate estate, which he had converted and used for his own purposes, and also the times when, and the sources from which derived, and the amount received from each source. The answer is responsive to the interrogatory, and must be taken as true, not being controverted.—*Fenno v. Sayre*, 3 Ala. 458.

It was competent for the complainant to have disproved the denials and statements of the answer; but no evidence was offered for that purpose. The answer denying all fraud, and showing responsively a valuable consideration, in the absence of such evidence, the lands are not subject to complainant's judgment.

Reversed, and a decree will be here rendered dismissing the bill, at the costs of appellee, in this court, and in the Chancery Court. ·