# Burke *et al*. *v*. Josiah Morris & Co.

## *Bill for Discovery and Relief.*

1. *Bill when not to be dismissed for want of equity.*—A bill containing averments, among others, which give it equity under section 814 of the Code, which authorizes a judgment creditor whose execution had been returned unsatisfied to go into chancery to compel the discovery of any property belonging to the debtor or held in trust for him, canot be properly dismissed on motion of the defendant for want of equity.

2. *Bill of discovery must be verified.*—A bill which only seeks discovery of legal assets belonging to the defendant, is insufficient unless verified by oath.

3. *Chancery; jurisdiction of when property is held in trust.*—The chancery court has jurisdiction originally as well as under the statute for the purpose of subjecting to a judgment whereon legal remedies have been exhausted, property held by others having the legal title in trust for the defendant.

4. *When demurrer bad to bill charging fraud.*—A demurrer to a bill on the ground of the insufficiency of its allegations of fraud is bad when fraud is not necessary to uphold the equity on which the bill is based and need not be alleged for its enforcement.

5. *Discovery of legal assets; when oath to bill for necessary.* While a bill which seeks discovery of legal assets belonging to tne defendant is insufficient unless verified by oath; yet when discovery is sought as merely incident to relief in matters

[Burk *et al.* v. Josiah Morris & Co.]

of ordinary equitable cognizance, the bill need not be sworn to.

6. *Demurrer properly overruled to bill for discovery and relief.*—A demurrer to a bill as an entirety when it is both for relief and discovery, and when it is sufficient for relief, is properly overruled.

7. *Multifarious; when bill is not.*—If the object of the bill is single, and for the subjection of the property of the defendant to the satisfaction of complainant's judgment, and the relief if granted must be substantially the same as to any portion of such property, whether held by the debtor, or in trust for him by another, or by several, the bill is not multifarious, although the property is held by different persons under separate conveyances, or the relief is sought upon different theories.

8. *Heirs and Representative of deceased joint owner of land, when not necessary parties to bill against the owner.*—If the heirs of a deceased person are jointly interested with the defendant, in lands descending to them from the decedent, neither they nor the personal representative of the decedent are necessary parties to a bill to subject the interest of the defendant to the payment of his debts—it not appearing that any interest of theirs is sought to be affected under the bill.

9. *Demurrer when will not hold in bill for discovery.*—When a bill seeks discovery of persons interested, a demurrer for want of these persons as parties will not hold.

APPEAL from the City Court of Montgomery.

Heard before Hon. A. D. SAYRE.

Josiah Morris & Co. brought this bill as judgment creditors of Michael Burke. It avers that complainants had recovered judgment against Burke, on which execution had issued and been returned "no property found;" that Burke owned a half interest in and to a certain described lot in the city of Montgomery, the legal title to which was in one Charles H. Scott, who in fact held it in trust for Burke; that Burke owned certain other land in Montgomery county, one-half interest in which he had conveyed to one Chas. D. Landsdell, who was his grandson and resided with him, and was at the time of the conveyance a minor; that Landsdell was never in possession of the property, and never exercised control of it, but the conveyance was made to him to defraud Burke's creditors; that the other half interest was con-

veyed to one Susie Caldwell, who immediately thereafter conveyed to Elizabeth W. Burke, the wife of M. Burke, and that said conveyances were made without consideration and to defraud Burke's creditors; that Elizabeth Burke had died intestate; that no administration had been granted on her estate and her heirs were unknown to complainants. It was further averred that Burke owned certain lands in Lowndes county, and a half interest in certain other lands in Lowndes county jointly with the estate of John V. McDuffie, the decsription of which land was not known to complainants; and also certain land in Elmore county, the description of which is also unknown to complainants. That the legal title to the lands in Lowndes county does not stand on the record in the name of Burke, but is held by some one in trust for him. M. Burke, Chas. B. Landsdell, Chas. H. Scott, and the administrator of Elizabeth W. Burke are made defendants; and it is prayed that an administrator *ad litem* of said Elizabeth be appointed; and that proper orders be made to bring in the heirs of Elizabeth W. Burke. Discovery and relief are sought, and it is further prayed that the parties be restrained from conveying any of said land and that a receiver be appointed to take charge of the interest of said Burke in all of said property.

Burke and Landsdell demurred to the bill and moved to dismiss it for want of equity, which demurrers and motion to dismiss being overruled they appealed and assign as error the refusal of the court to sustain the demurrers and dismiss the bill. Affirmed.

GORDON MCDONALD, for appellants.—McDuffie's heirs were necessary parties.—*Warren v. Lawson*, 89 Ala. 585; *Sweetzer, Pembroke & Co. v. Buchanan*, 94 Ala. 574; *Martin v. Carter*, 90 Ala. 96. (2). The absence of the holders of the legal title to land that is a subject matter of a suit in equity may be raised in any manner in the court below and may be taken advantage of in this court. *Boyle v. Williams*, 73 Ala. 354; *Lawson v. Alabama Warehouse Co.; Comer v. Bragg*, 83 Ala. 397.

GEORGE F. MOORE, contra.—The bill does not seek to set aside conveyances as fraudulent, but for a discovery in condemnation to the payment of a judgment, the interest of a defendant debtor; hence not necessary to charge fraud.—*Brown v. Bates,* 10 Ala. 438; *Floyd v. Floyd,* 77 Ala. 356. (2). Bill not multifarious.—*Ruffle v. Garrett,* 75 Ala. 350; *Hanley v. Heflin,* 84 Ala. 604.

SHARPE, J.—Unquestionably this bill contains equity under section 814 of the Code which authorizes a judgment creditor whose execution has been returned unsatisfied to go into chancery to compel the discovery of any property belonging to the debtor or held in trust for him. The motion to dismiss the bill for want of equity was therefore properly overruled.

So far as it seeks a discovery of legal assets belonging to the defendant the bill is insufficient for lack of verification by oath.—*Lawson v. Warren,* 89 Ala. 585; *Montgomery & Fla. R. R. Co. v. McKenzie,* 85 Ala. 546; *Sweetzer, Pembroke & Co. v. Buchanan,* 94 Ala. 574. Such insufficiency, however, does not extend to the whole bill.

The bill alleges that the property conveyed by Burke to the defendant Scott and Landsdell respectively as well as that in which the legal title has passed to the heirs of Elizabeth Burke is held in trust for Burke so that his interest therein is only equitable. As to such interests the chancery court had jurisdiction originally as well as now under the statute for the purpose of subjecting them to a judgment whereon legal remedies had been exhausted.—*Brown v. Bates,* 10 Ala. 432; *Martin v. Carter,* 90 Ala. 96; *Floyd v. Floyd,* 77 Ala. 353. When discovery is sought as merely incident to relief in matters of ordinary equitable cognizance the bill need not be sworn to.—*Dinsmore v. Crossman,* 53 Maine 441.

Independent of the discovery which the complainants seek in other matters they are entitled to maintain the bill for relief and for discovery respecting the several interests so alleged to be held in trust for Burke and the demurrer for want of verification being to the bill as a whole does not reach the defect which exists in its aspect as a bill for discovery of legal assets. A demurrer for such cause to a bill as an entirety when the bill is both

9

for relief and for discovery and when it is sufficient for
relief is properly overruled.—*Beall v. Lehman, Durr &
Co.*, 110 Ala. 446; *Tillman v. Thomas,* 87 Ala. 321;
*George v. Cent. R. R. & Banking Co.*, 101 Ala. 608;
Story's Eq. Jur., § 443; *Livingston v. Story,* 9 Peters,
632; Story's Eq. Plead., § 548; *Metler v. Metler,* 4 C. E.
Green, 457.

For like reason the ground of demurrer assigned to
paragraph four upon insufficient allegations of fraud is
bad since fraud is not necessary to uphold the equity re-
ferred to and need not be alleged in a bill filed for its
enforcement.—*Brown v. Bates,* 10 Ala. 432.

The object of the bill is single, being the subjection of
the property of Burke to the satisfaction of complain-
ant's judgment, and the relief if granted must be sub-
stantially the same as to any portion of such property
whether held by the debtor or in trust for him by another
or by several, and in such case the fact that it is held
by different persons under separate conveyances or that
the relief is sought upon different theories does not ren-
der the bill multifarious.—*Lehman v. Meyer,* 67 Ala.
396 ;*Couse v. Columbia Powder Co.,* 33 Atl. Rep. (N. J.),
297 , s. c. N. J. Eq., 297.

No interest of the McDuffie estate or heirs is sought
to be partitioned, divested, sold or otherwise affected
under the bill and the alleged fact of their joint interest
with Burke in lands does not make it necessary that such
heirs or the personal representatives of the estate be
made parties to the suit.

In the absence as parties of the heirs of Elizabeth
Burke no decree can be rendered divesting them of the
title to or affecting their interest in the lands descended
to them; but the bill seeks discovery as to their identity
and if discovered they may be made parties and so
brought before the court that a decree may be had
respecting their then interests.—Code, § 814.   The bill
may be imperfect as one for such discovery in failing to
show that Burke can make discovery of those heirs or it
may be otherwise defective but such questions are not
raised by the demurrer assigned to the bill as a whole
upon the ground that those heirs are not made parties or
by any ground stated in the demurrer.   When a bill

[The Montgomery Light & Power Co. *et al.* v. Lahey *et al.*]

seeks discovery of persons interested, a demurrer for want of those persons as parties will not hold.—1 Daniel Chan. Pr., 619; *Bay State Iron Co. v. Goodall*, 39 N. H., 223, 75 Am. Dec., 219.

There was no error in the decree of the city court and it will be here affirmed at appellants' cost.