# Plaster v. Throne-Franklin Shoe Co.

*Bill in Equity to Annul Attachment Proceedings for Fraud.*

1. *Fraudulent attachments; equity of bill.*—A bill filed by a creditor which avers that his debtor, with intent thereby to give an illegal preference and priority to other creditors, to the unlawful hindrance or delay or defrauding of complainants and others, consented to the suing out and levy of an attachment by one preferred creditor, in the absence of all grounds therefor, sufficiently avers a vitiating collusion between the debtor and the attaching creditor; and upon a statement of facts showing such collusion, the bill contains equity and states a cause for equitable relief in favor of the complainant against the debtor and the attaching creditor.

2. *Same; same; sheriff a proper party.*—On a bill filed by a creditor seeking to have an attachment set aside on the ground of fraudulent collusion between the common debtor and the attaching creditor and to have the property attached subjected to the payment of the complainant's claim, where it is averred that the property so attached is in the possession of the Sheriff levying the attachment, such sheriff is a necessary party.

3. *Same; same; sheriff can be compelled to make discovery.*—On such a bill, notwithstanding it is not sworn to, the sheriff being a necessary party may be made to discover such incidental and essential facts as the description of the property levied upon, which the bill shows he alone can disclose, the discovery asked for being only incidental to the relief sought.

APPEAL from the City Court of Montgomery, in Equity.

Heard before the Hon. A. D. SAYRE.

The bill in this case was filed by the appellees against the appellants. The averments of the bill are sufficiently stated in the opinion.

Greil Bros. & Co., Steiner & Lobman, and Haynes, the sheriff, are made parties defendant. The prayer of the bill is to ascertain the amount due plaintiff by Plaster,

[Plaster v. Thorne-Franklin Shoe Co.]

and to decree the writs of attachment as against orators fraudulent and void, and that the property levied on under them, or the value thereof, be applied to the payment of the debts due complainants. Oath was waived by the foot-note except as to Haynes, who was required to answer the interrogatories in reference to the levy of the attachments and on what property each of them was levied under oath.

On the 12th of February, the sheriff Haynes demurred to the bill on substantially the following grounds: (1) That it did not appear that complainants could not get the information from him which they seek other than by this bill. (2) That the sheriff was under no duty to make his return on the writs before the return day of the court to which they were returnable. (3) That the bill seeks a discovery, and is not sworn to.

Greil Bros. Co. and Steiner & Lobman moved to dismiss the bill for want of equity, and filed a demurrer thereto upon twenty grounds, which are set out in the record, the main grounds being, (1) that the complainants could not put in issue the grounds for attachment; (2) that Plaster alone could put such in issue or have his remedy upon the attachment bond, if the writs were wrongfully sued out; (3) that it did not appear that the attachments were sued out collusively; (4) that the *bona fides* of the debts of the attaching creditors is not attacked in this proceeding; (5) that it did not appear that the property sought to be subjected had been transferred or conveyed by Plaster, the debtor; (6) that the bill did not seek to have the prosecution of the attachment suits enjoined; that if the averments of the bill are true, the suing out of the attachments operated as a general assignment; (7) that the bill did not show that the property levied on constitutes all or substantially all of the property of Plaster, and that it did not appear that Plaster was insolvent.

On the submission of the cause upon the motion to dismiss the bill for the want of equity, and upon the demurrers, the chancellor rendered a decree overruling the motion to dismiss and the demurrers. From this decree the defendants appeal, and assign the rendition thereof as error.

[Plaster v. Thorne-Franklin Shoe Co.]

LOMAX, CRUM & WEIL and STEINER & GRAHAM, for appellants.

WATTS, TROY & CAFFEY, *contra.*—The present bill is not one for discovery at all and contains no element of discovery. The contentions between the parties are not purely legal, and no discovery is prayed. The interrogatories are really the only material parts to be answered by Haynes. Reading the prayer in the body of the bill and the foot note together maks this clear. The interrogatories are propounded in the usual form, according to Chancery Rule 13, (Code, p. 1204), are directed to him only, and are founded strictly on allegations made in the previous part of the bill. There can be no reason for swearing to them that does not apply to every allegation in every bill in chancery. They are a usual and proper part of every bill, and are aimed, as they profess, to elicit full answers and prevent evasion. *Russell v. Garrett*, 75 Ala. 348; 3 Encyc. Plead. & Prac., 344; Story; Eq. Pl. § 35. It is not open to question that the sheriff is a proper party.—*Cartwright v. Bamberger*, 90 Ala. 410.

It has been contended also that because Haynes is required to answer under oath, complainants should have verified their bill. Complainants undoubtedly had the right to waive the oath or not, as they saw fit, to his answer or to any defendant's answer, or to any answer to any allegation, because the bill is filed for another purpose "than discovery only."—*Gibson v. Trowbridge Furniture Co.*, 93 Ala. 579, 582. The bill in this case contains equity.

The complainants are simple contract creditors of the debtor defendant in attachment, and seek to have set aside and declared fraudulent attachments alleged to have been sued out, without ground or probable cause therefor, on false affidavits, with the intent of hindering, delaying and defrauding complainants and other creditors of said debtor.

While no creditor has a property right or lien, as matter of law, in or upon the property of his debtor, yet every creditor has an interest in such property and a right to subject it, so long as it remains in the hands of

the debtor, to the payment of his debts. An attachment followed by condemnation fixes a lien which dates from the day of the levy of the writ. An attachment sued out without ground therefor is a fraud. This proposition is not open to doubt in Alabama.—1 Shinn on Attachments, § 410; *Collier v. Wertheimer*, 122 Ala 320.

McCLELLAN, C. J.—The bill in this case was filed by the Throne-Franklin Shoe Co. and others, as creditors at large of Dayton Plaster, against said Plaster, Griel Brothers Co. and Steiner & Lobman. It avers the indebtedness of Plaster to the complainants, due prior to December 2, 1897; that on December 25, 1897, said Greil Brothers Co. and Steiner & Lobman, sued out attachments against the estate of Plaster, the former for the sum of $9,198.20 and the latter for the sum of $828.55, and had the same levied upon a stock of goods and other property of said Plaster, all which was in the hands of the sheriff under said writs at the time of bill filed; that the affidavit made by Greil Brothers Co. for attachment affirmed "that the said Dayton Plaster is about to fraudulently dispose of his property," and the affidavit of Steiner & Lobman affirmed "that the said Dayton Plaster has money, property or effects liable to satisfy debts which he fraudulently withholds," and that said writs were issued, respectively, upon said grounds and upon no other; that each said affirmation in said affidavits was and is false and untrue, that there was and is no ground for the issuance of said attachments, and that said Greil Brothers Co. and said Steiner & Lobman had no probable cause for believing that the grounds upon which their attachments were spectively sued out, or any other ground for suing out attachments existed; that the suing out of said attachments was an abuse of the process of the court, and was done by said respective plaintiffs for the purpose and with the intent of procuring an unlawful and illegal preference in the payment of their claims against Plaster, and with intent on their part to hinder, delay or defraud complainants and other creditors of said Plaster in the collection of their just demands; and "that while no grounds existed for the suing out of said attachments against said Plaster, and while no probable cause existed for the

suing out of the same, yet the said Plaster knew prior to the time that the said attachments were sued out that the same would be sued out by the said Greil Brothers Co. and the said Steiner & Lobman, and that the said Plaster consented to the same being sued out against him for the purpose and with the intent of giving to the said respective plaintiffs an unlawful and illegal preference in the payment of their said claims against him."

It is insisted by motion to dismiss the bill for want of equity and by demurrer that the averments we have outlined present no case for equitable relief, and this upon the theory that the allegations as to Plaster's foreknowledge of the attachments, his consent thereto and the intent which actuated him to so consent are insufficient to show that the attachments were collusively sued out and suffered; and that if they were not sued out and issued collusively, the facts that the affidavits were false, that there were no grounds for their issuance, that the plaintiffs had no probable cause to believe any grounds existed, and that they were sued out to secure an illegal preference and with intent on the part of the plaintiffs to hinder, delay or defraud other creditors do not bring the case within sections 818 and 2156 of the Code, and will not support a creditors' bill to avoid the attachments and subject the attachment property to their demands.

We deem it unnecessary to discuss the question involved in this last proposition. (But see *Builders & Painters Supply Co. v. First National Bank, ante, p.* 203) In our view of the case we do not get to it, holding, as we do, that the bill shows that the attachments were collusively sued out with intent to secure and to give an unlawful preference, or to unlawfully secure and give a preference, and to hinder, delay or defraud other creditors. The averments in this connection plainly and directly show that Plaster beforehand knew that the attachments would be sued out and consented that they should be sued out with a view and with the intention of thereby giving to Greil Brothers Co. and Steiner & Lobman an unlawful preference over his other creditors, whereby such other creditors, having the right to look to all his property so long as it was not fairly sub-

jected by due process of law to other claims, were necessarily hindered, or delayed or defrauded in respect of their just demands. Consent is a fact, which may be pleaded and proved as a fact; and when it is given by the party prosecuted to a proceeding which would be without it adversary in character, that proceeding becomes at once collusive in character. A confessed judgment is but a judgment consented to by the defendant. A collusive decree is but another name for a con. sent decree when the consent is given under circumstances which involve bad faith and covinous purposes. The debtor's consent to an attachment, when no grounds exist, made with intent to give an illegal preference or to illegally give a preference, and thereby to defraud other creditors of their equal right to subject his property, renders that attachment essentially collusive and vicious; and there is no more apt and accurate language to define and charge such vitiating collusion than that employed in this bill, viz., that the debtor with the intent thereby to give an illegal priority and preference to one creditor to the unlawful hinderance or delay, or the defrauding of others consented to the suing out and levy of an attachment by the one in the absence of all grounds therefor.

The bill has equity against the debtor and the attaching creditors, and it is not open to any of the objections assigned in the demurrer of Greil Brothers Co. and Steiner & Lobman.

The demurrer of the sheriff, Haynes, is also without merit. Having in his possession and control the property sought to be subjected to complainants' debts he was a necessary party defendant to the bill. And like any other necessary party he can be made to discover such incidental facts essential to the bill as the description of the property, which the bill shows he alone can discover, and that he has declined to discover. And this—the bill having equity wholly apart from discovery, and the discovery being merely incident to the main equity upon which affirmative relief is sought—though the bill is not sworn to.—*Lawson v. Warren*, 89 Ala. 584; *Burke v. Josiah Morris & Co.*, 121 Ala. 126. The

[Roman v. Dimmick.]

bill, indeed, even as against Haynes is not strictly speaking a bill for discovery in any aspect.

The decree of the city court overruling the motion to dismiss and the demurrer must be affirmed.

Affirmed.