# Shelton, *et al. v.* Timmons.

*Bill to Follow Money Fraudulently Disposed of and for Discovery.*

(Decided June 30, 1914. 66 South. 9.)

1. *Fraudulent Conveyances; Setting Aside; Creditor's Bill.*—A creditor may maintain a bill in equity to follow and subject to his demands the proceeds of money fraudulently donated by the debtor to the respondents in the bill; this being an independent equity sufficient to support the bill.

2. *Same; Bill; Verification.*—Although a bill for discovery must be sworn to where the equity of the bill rests upon discovery alone, yet a creditor's bill to follow and subject to his demand, the proceeds of money fraudulently donated by the debtor need not be sworn to, notwithstanding it also prayed for a discovery of the property in which such money had been invested, the discovery being incidental and auxiliary, and the equity of the bill not depending thereon.

3. *Discovery; Bill; Sufficiency.*—The allegations necessary to support an independent bill for discovery are not required where the discovery is sought in aid of another and primary equity.

4. *Same; Matters to be Disclosed.*—Where the discovery sought by the bill is merely in aid of another and primary equity, any respondent may be called upon to disclose matters relevant to the issue and legally admissible as evidence.

[Shelton, et al. v. Timmons.]

*5. Executors and Administrators; Parties; Creditor's Bill.*—In a creditor's bill to follow and subject to his demands the proceeds of money fraudulently donated to respondent by his debtor, then deceased, the personal representative of the debtor was not a necessary party although he might have been a proper party.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Mary R. Timmons against Minnie Shelton and others to follow and subject to complainant's demand certain money alleged to have been fraudulently donated to respondents by complainant's debtor, and incidentally for discovery. Decree overruling demurrers to the bill, and respondents appeal. Affirmed.

FRANK S. WHITE & SONS, for appellant.

HARSH, BEDDOW & FITTS and W. R. CHAMBERS, for appellee.

SOMERVILLE, J.—The primary purpose of the bill of complaint is to follow and subject to complainant's demand the proceeds of money fraudulently donated by complainant's debtor to several of his nieces, who are made parties defendant. This is an independent equity, and of itself suffices for the maintenance of the bill.— *Dickinson v. National Bank,* 98 Ala. 546, 14 South. 550.

It is not necessary that such a bill should be sworn to, even though it pray also for a discovery by the defendants of the property in which they have invested the money fraudulently transferred to them. Such discovery is incidental and auxiliary merely, and the equity of the bill is in no wise dependent thereon.—*Plaster v. Throne F. Shoe Co.,* 123 Ala. 360, 365, 26 South. 225; *Montgomery Iron Works v. Cap. City Ins. Co.,* 137 Ala. 134, 146, 34 South. 210; *Burke v. Morris & Co.,* 121 Ala. 126, 25 South. 759.

Where the equity of the bill rests upon discovery alone, the bill must, of course, be sworn to. In this case a verification being unnecessary, no question can be raised as to its sufficiency.

So, also, the allegations necessary to support an independent bill for discovery (see *King v. Livingston Mfg. Co.,* 180 Ala. 118, 60 South. 143) are not required, where the discovery sought is in aid merely of another and primary equity.—*Crichton v. Hayles,* 176 Ala. 223, 57 South. 696; *Virginia, etc., Co. v. Hale & Co.,* 93 Ala. 542, 546, 9 South. 256. In the latter case any defendant may be called upon to disclose matters which are relevant to the issue, and legally admissible as evidence.

As amended, the bill sufficiently charges as a fact, on information and belief, that the defendants used the money in question in the purchase of real estate, the description of which is unknown to complainant.

The bill is not defective in omitting the personal representative of complainant's deceased debtor as a party defendant.—*Davis v. Stovall,* 185 Ala. 173, 64 South. 586; *Staton v. Rising,* 103 Ala. 454, 15 South. 848; *Bank v. McGee,* 108 Ala. 306, 19 South. 356; *Coffey v. Norwood,* 81 Ala. 512, 8 South. 199; *Reed v. Minell,* 30 Ala. 61; *Inge v. Boardman,* 2 Ala. 331.

In *Harris v. Moore,* 72 Ala. 507, it was stated that the debtor himself was a necessary party. This was evidently an inadvertence, and the real ruling was, on demurrer for misjoinder, that he was a *proper* party. Obviously there can be no distinction between the case of a living debtor and the personal representative of a deceased debtor, as is clearly shown in the case of *Coffey v. Norwood, supra.*

These being the only matters argued in brief of counsel, and there being no merit in these grounds of de-

murrer, the decree of the chancery court will be affirmed.

Affirmed. All the Justices concur.