101 So.2d 542

**Walter T. GORDON et al.**

v.

**F. Norris GLEASON et al.**

6 Div. 204.

Supreme Court of Alabama.

March 20, 1958.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

**352**

Geo. S. Brown, Birmingham, for appellees.

STAKELY, Justice.

This is an appeal from a decree of the equity court overruling the demurrer of Walter T. Gordon et al., to a bill filed by F. Norris Gleason and J. Levert Andrews.

The allegations of the bill show that on December 9, 1955, F. Norris Gleason recovered a judgment for $3,708.17 against Walter T. Gordon. A certificate of judgment was recorded March 13, 1957. Execution issued on the judgment was returned "no property found" and the judgment is still unpaid.

On March 13, 1957, F. Norris Gleason transferred his interest in the judgment to J. Levert Andrews.

While the law suit was pending, Walter T. Gordon was president of and owned fifty-one percent of the stock of the Central Finance Company, which he transferred to his wife, respondent June Marie Gordon, without consideration. The transfer was voluntary and was substantially all of the visible assets of Walter T. Gordon. It was made for the purpose of hindering, delaying and defrauding creditors. If Walter T. Gordon has any assets subject to legal process, they are now hidden. On February 15, 1957, respondents purchased a residence in Mountain Brook, Alabama, in the name of the respondent June Marie Gordon. Down payment was furnished by Central Finance Company in the amount of approximately $15,000. By virtue of the aforesaid fraudulent transfer of the controlling interest in said corporation, she used money which actually belonged to Walter T. Gordon. Accordingly she holds the equitable interest in such real estate as constructive trustee for her husband Walter T. Gordon. To the end that complainants may have relief, the respondents are required to make full and true answers to certain interrogatories set out in the bill. Walter T. Gordon and June Marie Gordon are prayed to be made parties respondent.

The court overruled the demurrer to the bill and it is from that decree that this appeal has been brought to this court.

■ I. It is contended by appellants that the appellee F. Norris Gleason should not have been joined as a party complainant in the original bill since he is wholly

without interest in this cause, having transferred and assigned his interest in the judgment to appellee J. Levert Andrews on March 13, 1957. There is no merit in this contention.

In the case of Godfrey v. Columbia Live Stock Co., 213 Ala. 423, 105 So. 190, 191, in quoting from the case of Broughton v. Mitchell, 64 Ala. 210, this court said:

> " 'When in a court of equity, the cause or subject of controversy is a legal *chose in action* which has been assigned, the assignor, if the legal title remains in him, or if the assignment is not absolute and unconditional, or if its extent or validity is disputed, must be made a party, that he may be bound by the decree, and future litigation or a multiplicity of suits prevented. * * In *any case,* he is a *proper* party, because of his connection with the subject-matter of suit, and the privity of contract existing between him and the assignee, and the party bound by the chose in action.' (Italics supplied.) Broughton v. Mitchell, 64 Ala. 210."

See also First National Bank of Birmingham v. Bonner, 243 Ala. 597, 11 So.2d 348; Huddleston v. Fuller, 229 Ala. 74, 155 So. 556; United States Fidelity & Guaranty Co. v. First National Bank of Lincoln, 224 Ala. 375, 140 So. 755; J. H. Scruggs Construction Co. v. Coosa County, 206 Ala. 137, 89 So. 527; Hodge v. Alabama Water Co., 205 Ala. 472, 88 So. 585.

■■ It is stated in brief that Central Finance Company should have been included as a party respondent. The mere fact that some of the stock of Central Finance Company was transferred by Walter T. Gordon to his wife does not make Central Finance Company a necessary or proper party. It is sufficient to point out that the demurrer includes only the ground that "there are indispensable parties who have not been joined." The cases in this state hold that "a demurrer to a bill for want of proper parties should state the name of the parties omitted." Nelson v. Wadsworth,

171 Ala. 603, 55 So. 120, 122; Travis v. First National Bank, 210 Ala. 620, 98 So. 890.

There is no compliance with this rule of pleading in the present case.

■ II. It is claimed that the bill of complaint is insufficiently verified. However, it is elementary that where the discovery aspect of the bill is incidental to other equitable relief, the bill need not be verified at all. We quote from the case of Shelton v. Timmons, 189 Ala. 289, 66 So. 9, as follows:

> "(1) The primary purpose of the bill of complaint is to follow and subject to complainant's demand the proceeds of money fraudulently donated by complainant's debtor to several of his nieces, who are made parties defendant. This is an independent equity, and of itself suffices for the maintenance of the bill. Dickinson v. National Bank, 98 Ala. 546, 14 So. 550.

> "(2) It is not necessary that such a bill should be sworn to, even though it pray also for a discovery by the defendants of the property in which they have invested the money fraudulently transferred to them. Such a discovery is incidental and auxiliary merely, and the equity of the bill is in no wise dependent thereon. Plaster v. Throne F. Shoe Co., 123 Ala. 360, 365, 26 So. 225; Montgomery Iron Works v. Capital City Ins. Co., 137 Ala. 134, 146, 34 So. 210; Burke v. Morris & Co., 121 Ala. 126, 25 So. 759.

> "Where the equity of the bill rests upon discovery alone, the bill must, of course, be sworn to. In this case a verification being unnecessary, no question can be raised as to its sufficiency."

See also Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 131 So. 634; Henderson v. Farley National Bank, 123 Ala. 547, 26 So. 226; Burke v. Morris, 121 Ala. 126, 25 So. 759; Plaster v. Throne-Franklin Shoe Co., 123 Ala. 360, 26 So. 225.

**354**

■ III. It is alleged that the transfer of stock by Walter T. Gordon to his wife was a voluntary one, without consideration, and was made for the purpose of hindering, delaying or defrauding the creditors of Walter T. Gordon and was a transfer of substantially all of the visible assets of Walter T. Gordon. The allegations are sufficient to give equity to the bill. Crisp v. First National Bank, 224 Ala. 72, 139 So. 213; Drain v. F. S. Royster Guano Co., 231 Ala. 422, 165 So. 239; Nelson v. Boc, 226 Ala. 582, 14 So. 311; Armstrong v. Miller, 238 Ala. 17, 189 So. 74. No other allegations are necessary, since the transfer of stock was made while the judgment was unpaid. Authorities supra.

The court acted correctly in overruling the demurrer to the bill.

Affirmed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and MERRILL, JJ., concur.