452

163 So.2d 610

**BOYETT'S, INC., et al.**

v.

**Sara McNair GROSS.**

**3 Div. 978.**

Supreme Court of Alabama.

April 16, 1964.

J. O. Sentell, Jr., and Miles S. Hall, Montgomery, for appellants.

Walter J. Knabe and Rodney R. Steele, Montgomery, for appellee.

COLEMAN, Justice.

This is an appeal by respondents from decree overruling demurrer to a bill in equity. Appeal was taken prior to approval of Act No. 72, 1961 Acts of Alabama, page 1947, amending § 755, Title 7, Code 1940.

Complainant is a natural person. Respondents are the corporation and three natural persons. By implication, it appears that two of these three natural persons were among the incorporators of the corporate respondent in 1959, but the three natural persons are not otherwise shown to have any connection with the corporation.

Complainant alleges that she recovered a judgment against respondent, Boyett's, Inc.,

a corporation; that said judgment has not been satisfied; that Boyett's, Inc., was the owner of certain personal property; and that subsequent to the judgment, Boyett's, Inc., "deeded" to respondent, "Rena Boyett its entire interest in said personal property by a chattel mortgage."

Complainant prays that said conveyance made by the respondent, Boyett's, Inc., a corporation, to respondent, "Sue Rena Boyett," be declared null and void as to complainant; that if said conveyance be not declared null and void, then that it be declared a general assignment for the benefit of creditors; that respondents be required to make an accounting of the assets of Boyett's, Inc., a corporation; for discovery for the purpose of determining the extent, if any, of the commingling of the assets of the corporation with the assets of the other respondents; for full payment of complainant's claim; and for general relief.

Respondents demurred to the bill as a whole and separately to each of its several aspects. Demurrer to the bill as a whole and to each aspect was overruled and respondents appealed.

I.

The averments of the bill setting out the facts to support the aspect seeking to set aside the conveyance as being without consideration are as follows:

"That your orator recovered of the respondent, Boyett's, Inc., a judgment in the Circuit Court of Montgomery County, Alabama, in the sum of $6,000.-00 and the further sum of $50.00; that a certificate of judgment was filed in the Office of the Judge of Probate of Montgomery County, Alabama, on the first day of February, 1961, which said certificate is duly recorded in judgment record 12, at page 133. Orator further shows that execution was duly issued on said judgment and that said execution by the Sheriff of Montgomery County, Alabama, has not satisfied that said judgment with the cost and inter-est thereon and that said judgment with the cost and interest thereon is still outstanding, due and unpaid.

"2. Your orator further shows unto Your Honors that on the 8th day of March, 1961, the said Boyett's, Inc., was the owner of certain personal property situated in Montgomery County, Alabama, consisting of tools and equipment for the repair and service of automobiles. This property is more specifically described in a certain chattel mortgage to which reference is hereinafter made.

"Your orator further shows that on the 8th day of March, 1961, the said Boyett's, Inc. deeded to Rena Boyett its entire interest in said personal property by a chattel mortgage which is recorded in mortgage book 941, at page 363, in the Office of the Probate Judge of Montgomery County, Alabama.

"Your orator further shows that while said chattel mortgage recites a consideration of $1,620.00 and purports to be made in payment of certain promissory notes of even date made by the said Boyett's, Inc. to Rena Boyett, that in truth and in fact your orator is informed and believes and upon such information and belief avers the fact to be, that there was no real consideration for said chattel mortgage, the same being simulated and said conveyance was, in fact, a voluntary conveyance, and that the debt to the said Sara McNair Gross by said Boyett's, Inc. being in existence and past due at the time of said conveyance to the said Rena Boyett."

Respondents demurred to this aspect on the grounds that the chattel mortgage sought to be set aside is neither set out in the bill nor its substance alleged, that the tools and equipment alleged to have been conveyed to Rena Boyett are not described, and that the allegation that "Boyett's, Inc., deeded to Rena Boyett its entire interest in said personal property by a chattel mortgage" is a mere conclusion of the pleader.

**456**

The reference in the bill to the book and page in the office of the judge of probate is wholly inadequate to make the mortgage a part of the bill, nor does it otherwise appear in the transcript. Jones v. Caraway, 205 Ala. 327, 328, 87 So. 820.

Where a party's right in suit, pro and con, depends directly and primarily upon a designated written instrument, the substance of the instrument should be stated in his pleading, or else it should be attached in copy, with appropriate reference. Roney v. Dothan Produce Co., 217 Ala. 475, 476, 117 So. 36. We are referring here to the mortgage and not to the judgment certificate as appellee, in her brief, seems to understand. See also: McKenzie v. North River Ins. Co., 257 Ala. 265, 268, 58 So.2d 581; Stephens v. Pleasant Hill Baptist Church, 264 Ala. 394, 88 So.2d 570.

There is no effort to describe the personalty and no indication of any inability on complainant's part to point out more definitely the property alleged to have been fraudulently transferred and which is sought for condemnation to complainant's indebtedness. Watson v. Watson, 229 Ala. 570, 158 So. 526.

In support of the proposition that it was not necessary for her to set out the judgment certificate, complainant cites Myers v. Redmill, 266 Ala. 270, 96 So. 450, 73 A.L. R.2d 746. The effect of a failure to set out the conveyance sought to be set aside, or to describe the property, is not discussed in Myers v. Redmill and apparently was not raised. In Dowling v. Garner, 195 Ala. 493, 70 So. 150, also cited by complainant, "a copy of the deed" was made an exhibit to the bill. The two last cited cases do not aid complainant.

In the case at bar, we are of opinion that the grounds of demurrer to the aspect seeking to set aside the chattel mortgage, as being without consideration, are well taken, in that the bill fails to describe the property and fails to set out the terms of the mortgage. Overruling these grounds was error.

## II.

The aspect seeking to set aside the chattel mortgage rests on two alternative averments, to wit: (1) that the mortgage was given without consideration; or (2) that the mortgage was made with intent to hinder, delay, or defraud complainant. The defects in setting out the terms of the mortgage and in describing the property conveyed appear in both alternatives of this aspect.

The alternative averments to support the aspect seeking to set aside the conveyance as one to hinder, delay, or defraud complainant are set out in paragraph 3 of the bill as follows:

"3. In the event your orator is mistaken in the averment that such deed was voluntary and without consideration, then she is informed and believes and upon such information and belief avers and alleges the fact to be that said conveyance was made by the said Boyett's, Inc. and received by the said Sue Rena Boyett for the purpose of hindering, delaying, and defrauding the said Sara McNair Gross in the collection of the debt which the said Boyett's, Inc., owed to the said Sara McNair Gross at the time; and that the said Sue Rena Boyett well knowing the property of said conveyance, and being a party to said fraudulent scheme, accepted the deed to said chattel mortgage, and your orator avers that the debt upon which the judgment of the said Sara McNair Gross was procured was long past due at the time the said conveyance was made as aforesaid."

The averments of paragraph 3 are consistent with the theory that the grantee was an existing creditor in an amount equal to the value of the property, and that the conveyance was made to satisfy such debt. If that is true, the fact as alleged that the debtor of complainant making the conveyance intended to hinder, delay or defraud his creditors does not render the conveyance subject to be vacated. Crisp v.

First Nat. Bank of Birmingham, 224 Ala. 72, 139 So. 213; Hays v. McCarty, 239 Ala. 400, 195 So. 241; Smith v. Wilder, 270 Ala. 637, 649, 120 So.2d 871.

We are, therefore, of opinion that the court erred in overruling grounds 2, 3, and 6 of the demurrer to that aspect of the bill which seeks to set aside the conveyance as being fraudulent for that the averments are insufficient to show fraud, are mere conclusions of the pleader, and do not show that the consideration for the conveyance was inadequate.

█ Appellant points out in brief, we think correctly, that the aspect seeking cancellation of the chattel mortgage rests on two alternative averments, namely, that the chattel mortgage was without consideration or that the chattel mortgage was made with intent to hinder, etc. The rule is:

"When a bill is in two aspects and the demurrer is addressed to it as a whole, and one aspect is not subject to demurrer, it should be overruled though the other aspect is defective. (Citations omitted.)

"But where one aspect of the bill predicates relief upon several disjunctive sets of averment, each as furnishing ground for relief, and one of such alternative averments is insufficient as a ground for such relief, that aspect of the bill, or it may be the bill as a whole when there is no other aspect, fails to make out a case of equitable right. (Citations Omitted.)" Hays v. McCarty, supra, 229 Ala. at page 404, 195 So. at page 243.

Countering the rule of Hays v. McCarty, supra, complainant cites the following cases: Fife v. Pioneer Lumber Co., 237 Ala. 92, 185 So. 759, which was an action at law and the question was the sufficiency of a plea of res judicata; Lewis v. Alston, 184 Ala. 339, 63 So. 1008, a suit in equity to cancel a deed as cloud upon title, where, because of the "peculiar circumstances" of that case, which do not exist in the case at bar, this court refused to apply the rule against inconsistent alternative averments; Cox v. Parker, 212 Ala. 35, 101 So. 657, a suit in equity to cancel a deed, where this court held that upon averment and proof to support the main equity of the bill on the grounds of undue influence, cumulative averments and proof of mental incapacity are allowable and relief by cancellation is properly granted, but in the case at bar the main equity supporting the right to cancellation is not supported by the averments in either alternative and there is no question of merely allowing a cumulative averment; Hard v. American Trust & Savings Bank, 200 Ala. 264, 76 So. 30, a suit to cancel a conveyance, where this court held that the bill was not rendered multifarious by the fact that it sought alternatively the relief desired under different phases of the bill, but the question there was not, as it is here, the sufficiency of each alternative averment to support the aspect of the bill to which the alternative averment was directed; and Stephens v. Stephens, 251 Ala. 431, 37 So. 2d 918, a suit commenced by bill in the nature of a bill of review, where this court expressly recognized and quoted the rule of Hays v. McCarty, supra. The cases cited by complainant do not abrogate, or forbid the application of, the rule requiring each alternative averment to be sufficient.

█ Because, in the instant case, the alternative seeking cancellation for want of consideration is insufficient as a ground for such relief, that aspect of the bill fails to make out a case of equitable right, even if the other alternative should be sufficient. We have indicated that we think the other alternative insufficient because the averments supporting the other alternative fail to show that the consideration was inadequate.

### III.

Respondents argue that the court erred in overruling the demurrer to the aspect of the bill which seeks to have the chattel mortgage declared a general assignment. As pertinent to this aspect, the bill recites:

"4. Your orator further shows that if she is mistaken in the above foregoing allegations to the effect that such conveyance was voluntary and without a valuable consideration, or was made for the purpose of hindering, delaying or defrauding the said Sara McNair Gross in the collection of her said debt as aforesaid, then she alleges that the said conveyance included all or substantially all of the property of the said Boyett's, Inc., subject to execution, for the collection of her debts and that the payment of the alleged debt to Sue Rena Boyett amounted to a preference or priority of payment to said Sue Rena Boyett as a creditor over the debt to the said Sara McNair Gross at the time of the said conveyance, and it thus inured to the benefit of all the creditors of the said Boyett's Inc., including the said Sara McNair Gross."

■ This aspect appears to be under § 9, Title 20, Code 1940. To come within the provisions of that statute, the sale or security of practically all of the debtor's property which is subject to execution or to the claim of his creditors must be in payment of a pre-existing debt. Butler v. Hughes, 271 Ala. 363, 370, 124 So.2d 265; Green & Gay v. Wright, Williams & Wadley et al., 160 Ala. 476, 49 So. 320.

■ The averments as to this aspect fail to show clearly that the chattel mortgage was given to pay or secure a pre-existing debt, and because of such failure, the demurrer to this aspect should have been sustained. The contrary ruling was error.

### IV.

The averments of the bill pertinent to the aspect seeking an accounting and the aspect seeking a discovery, together with the prayer, recite as follows:

"5. Your orator further shows that on, to-wit, February 16, 1961, the said Boyett's, Inc., did sell or otherwise dispose of a number of old or wrecked automobiles located on its premises for an amount which is unknown to your oratrix. Your oratrix says that said automobiles were of value and were bound by the recorded judgment lien in her favor as hereinbefore alleged.

"6. Your oratrix further shows that on October 13, 1959, the date upon which Boyett's, Inc. was incorporated, that the articles of incorporation and other papers filed therewith, recorded in the Office of the Judge of Probate of Montgomery County, Alabama, in Corporation Book 43 at page 550, the incorporators, Walter Boyett, Sr., Walter Boyett, Jr., and William T. Boyett, stated that the authorized and paid in capital of the said corporation was $17,-000.00. Your oratrix is informed and believes and upon such information and belief avers and alleges the fact (sic) that all of said stock, except for $200.00 in cash, was paid for by the transfer to the corporation of stocks of goods, automobile parts, and automobile service and repair equipment, and said stock of goods, parts, and equipment has since that date, been dissipated, conveyed and secreted for the purpose of hindering, delaying and defrauding the said Sara McNair Gross in the collection of the debt which the said Boyett's, Inc., owed to her at and after the rendition of her said judgment.

"7. Your orator further shows that she is informed and believes (sic) upon such information and belief, avers and alleges the fact to be that prior to and subsequent to the rendition and recordation of her said judgment against Boyett's, Inc., the respondents, Boyett's, Inc., William T. Boyett, Walter Boyett, Jr., and Sue Rena Boyett have commingled the funds and assets of the said Boyett's, Inc. with their own private funds and assets and have used the assets and funds of said corporation for their own private purposes.

"PREMISES CONSIDERED, your orator prays that the said Boyett's, Inc., William T. Boyett, Walter Boyett, Jr.,

and Sue Rena Boyett, be made parties respondent to this bill of complaint; that they be required to appear, plead, answer or demur to the same within the time required by law; that the said conveyance to the said Sue Rena Boyett be declared null and void as to your orator; but in the event it is not so declared null and void, then that it be declared as a general assignment for the benefit of creditors; and that all necessary orders and decrees be entered to the end that the claim of your orator be paid in full;

"Your orator further prays that the said respondents be required to make an accounting to this court of the funds and assets of the said Boyett's Inc. and their financial status for the past five years and in aid of that accounting that your Honors will require said respondents to produce to this Court for the purposes of discovery, all of their books, records, papers, accounts, reports, statements of profit and loss, and balance sheets for the purpose of determining the extent, if any, of the commingling of assets of the said corporation with the other respondents' funds and assets and for the discovery of the amount and character of the dispositions of personal property made immediately before and since the rendition and recordation of your oratrix' judgment.

"And orator further prays for such other, further and different relief as to Your Honors seem proper and she will ever pray."

■ As to an accounting, the prayer is that the individual respondents be required to produce their books and records for the last five years, which we take to mean five years before the bill was filed June 16, 1961. This prayer thus calls for an accounting for 1956, 1957, and 1958, although it is averred that the debtor was incorporated October 13, 1959. We do not understand the bill to show any right whatever to compel respondents to produce records for the period prior to the date the corporate debtor came into existence.

■ We are of opinion, however, that the aspect of the bill as for an accounting, standing alone, is insufficient.

" . . . 'An accounting is always ordered in a court of equity, where it is an incident to some other relief; but, where an accounting is the only ground of equitable intervention, there should be some averment of facts to show that a complete remedy cannot be had in a court of law, or some fact peculiar to a court of equity.' Tecumseh Iron Co. v. Camp, supra [93 Ala. 572, 9 So. 343]; 2 Story, Eq. Jur. (14th Ed.) § 599." Julian v. Woolbert, 202 Ala. 530, 532, 81 So. 32, 34.

"The rule of our decisions on the subject of accounting is thus stated in our recent case of Ingram et al. v. People's Finance & Thrift Co. of Ala. [226 Ala. 317], 146 So. 822, 823: 'A bill for accounting states a case of equitable relief on facts showing a complicated nature of the account, *or necessity for discovery of matters peculiarly within* the knowledge of respondent, or fiduciary or trust relationship, or species of fraud or such wrong dealing as would authorize a court of equity to take cognizance thereof.' (Citations Omitted.)" City of Mobile v. McCown Oil Co., 226 Ala. 688, 691, 148 So. 402, 404.

■ The instant bill wholly fails to show mutual accounts, or an account of a complicated nature, or any necessity for an accounting in equity apart from the alleged necessity for discovery.

If the averments are sufficient to support the aspect seeking a discovery, the demurrer to the aspect seeking accounting was correctly overruled, but if the aspect seeking discovery is not sustained by the averments of the bill, then the court should

have sustained the demurrer to the aspect for an accounting.

## V.

■ To support discovery, the bill should allege the existence of property of the debtor and that its nature and character or location are unknown to him and concealed from him. Davenport & Harris Funeral Homes v. Kennedy, 243 Ala. 613, 615, 11 So.2d 379. The bill should show the necessity for discovery by alleging the existence of assets or property of the debtor which cannot be subjected to legal process because it is concealed from the creditors and that such assets can be rendered availing to the creditors by means of the discovery sought.

" . . . In order to give equity to such a bill, it is necessary to show that complainant does not know some of the facts essential to support an action at law, and/or has no legal means of ascertaining or proving them except by an answer of respondent; that is, in effect, that such facts are peculiarly known to respondent, and cannot be otherwise proven. (Citations Omitted.)

" . . .

"When discovery is necessary in aid of a claim which is purely legal, and the redress claimed is purely legal, a bill for discovery must be sworn to, or a demurrer to it will lie. (Citations Omitted.)" Cleveland Storage Co. v. Guardian Trust Co., 222 Ala. 210, 213, 131 So. 634, 636.

In the instant bill, the showing, that property exists which can be subjected to complainant's judgment, is not clear. Complainant alleges that the debtor sold certain old automobiles for an unknown amount, but the existence of the automobiles or the proceeds of the sale is not shown. It is not alleged that respondents, or any of them, have secreted the automobiles or the proceeds of sale.

■ In paragraph 6, complainant alleges that since the incorporation of Boyett's, Inc., in 1959, the assets of the corporation have been "dissipated, conveyed and secreted" for the purpose of defrauding complainant. For aught that appears, however, the corporate assets had been dissipated prior to the creation of complainant's claim against the corporation. For aught that appears, complainant possesses information as to the character and location of the corporate property. Construing the bill against complainant, and indulging no inferences favorable to the pleader, we are of opinion that the bill fails to show clearly and positively the existence of property subject to complainant's debt, or the necessity for discovery to subject such property to the satisfaction of complainant's judgment.

Respondents demurred to the aspect seeking discovery on the further ground that the bill is not sufficiently verified in that the verification does not state that the affiant has been informed that the facts alleged on information and belief are true, The verification recites:

"BEFORE ME, the undersigned authority in and for said State at large, personally appeared Sara McNair Gross, who being by me first duly sworn deposes and says on oath: That she is the complainant in the above and foregoing cause and that the matters and things therein set forth are true, except the matters and things alleged upon information and belief, and as to such matters and things, she verily believes them to be true."

■ The verification is deficient in the particular challenged by respondents and the court erred in overruling ground 2 of section F of the demurrer which recites:

"2. The bill of complaint is not sufficiently verified in that the verification does not embrace both the facts that the affiant has been informed and believes the facts to be true."

This holding is supported by Burgess v. Martin, 111 Ala. 656, 20 So. 506; Schilcer v. Brock, 124 Ala. 626, 27 So. 473; Cleve-

land Storage Co. v. Guardian Trust Co., supra; Brooks v. Everett, 271 Ala. 380, 385, 124 So.2d 100; Equity Rule 12.

For future guidance, we here set out what we conceive to be a sufficient verification of a bill of complaint wherein some facts are alleged on information and belief, to wit:

"Before me .......... Register in Chancery for the .......... District of the .......... Chancery Division of Alabama (or notary public, or other officer authorized to administer oaths) on the .......... day of .......... 19.... personally appeared .......... known to me, whose name is signed to the above Bill of Complaint, and being sworn by me he stated that he has read (or heard read) the above Bill of Complaint, subscribed by him, and knows the contents thereof, and that the same are true of his own knowledge, except as to matters which are therein stated to be on his information and belief, and as to those matters he is informed and believes them to be true." Sims Alabama Chancery Practice, Pleading Forms, page 465.

This form is substantially Form 114, in Alabama Form Book, Mayfield, 1924, page 80. See: Lambert v. Anderson, 227 Ala. 222, 149 So. 98.

Complainant does not, as we understand her brief, contend that the verification is sufficient, but relies on the principle that where the discovery aspect of the bill is incidental to other equitable relief, the bill need not be verified at all. Gordon v. Gleason, 267 Ala. 351, 353, 101 So.2d 542.

■ In Gordon v. Gleason, supra, this court said that the allegations that the debtor had transferred certain stock to his wife without consideration were sufficient to give equity to the bill. In that case, discovery was merely incidental and auxiliary, and the equity of the bill did not depend on the discovery aspect alone. In the instant case, as we have undertaken to show, the other aspects are insufficient to give equity to the bill. In that situation, when a demurrer is separately directed against the discovery aspect, the equity of the bill must depend on the discovery aspect alone, and we are of opinion that the bill must be sworn to in order to withstand the demurrer.

■ We are of opinion that the court erred in overruling the demurrer to the aspect seeking discovery, and, therefore, that it was error to overrule the demurrer to the aspect seeking an accounting.

In the demurrer to the bill as a whole, respondents assign, separately and severally, each and every ground which is assigned to the several aspects as already discussed. Because every aspect is subject to demurrer, complainant does not show that she is entitled to any relief in equity, and the demurrer to the bill as a whole should be sustained.

All authorities cited by complainant have been carefully examined. To discuss them one by one would serve no useful purpose. We do not think that any of them is contrary to the conclusions we have reached in the case at bar.

The decree overruling the demurrer is reversed and a decree will be here rendered sustaining the demurrer to the bill as a whole and to each of the several aspects as herein discussed. The complainant is allowed thirty days after the day on which the certificate of this court is received in the office of the register of the circuit court, inequity, in which to amend her bill of complaint as she may be advised, and the cause is remanded.

Reversed, rendered, and remanded.

LIVINGSTON, C. J., and GOODWYN and HARWOOD, JJ., concur.